Robinson vs. Perry & Martin.

No. 36.—JESSE J. ROBINSON, plaintiff in error, *vs.* JOSHUA PERRY and WILLIAM B. MARTIN, defendants in error.

R. and P. entered into a contract by which P. 'leased' from R. a lot of land for five years; covenanting to build on it a comfortable cabin, and clear and keep under good fence twenty acres of the lot or more, if he chose, and at the expiration of the five years, to pay R. one hundred dollars for the land, and in the meantime, to pay the taxes on the lot, and then a title to the land was to be made to him by R.

P. assigned his interest in the land; and that interest finally was assigned to P. and M.

*Held,* that the interest was assignable, and that the last assignees might have specific performance of R. on shewing a compliance with the covenants to be performed by the first, P.

In Equity, in Calhoun Superior Court.    Tried before Judge ALLEN, November Term, 1856.

On the 25th day of October, 1849, Jesse J. Robinson and Leroy B. Phillips, entered into the following agreement to-wit.:

"GEORGIA,          ⎱ Articles made and entered into this 25th
EARLY COUNTY. ⎰ day of October, 1849, between Jesse J.
Robinson of the one part, and Leroy B. Philips of the other
part, witnesseth: that the said Jesse J. Robinson has this day
leased unto the said L. B. Philips, for the term of five years
from this date, lot of land, No. 148, in the fourth (4th) dis-
trict of Early county. The said Philips is to build on said
lot, a comfortable cabin, crib, stable, smoke house, and clear
up and put and keep under good fence, twenty acres of land,
and more if he chooses; at the expiration of said term of
five years, the said L. B. Philips is to pay said J. J. Robin-
son and his assigns, one hundred dollars in specie for said
lot of land, and the said J. J. Robinson, is then on such pay-
ment, to make or cause to be made unto said Philips, a good
warrantee deed to said lot.

In testimony whereof, the said parties have set their hands
and seals hereunto, the day and year first above written.
Said Philips is to pay all taxes, after this year on it.

JESSE J. ROBINSON, [L. S.]<br>
his<br>
LEROY B. ⋈ PHILIPS,

In presence of (in duplicate.)          mark.
    MINERVA PHILIPS."

The bill alleges, that said Philips, on the 9th of Decem-
ber, 1850, assigned said articles to one Brown: Brown on
the 14th December, 1850, transferred them to one Holder,
who on the 2d May, 1852, transferred his right and title to
Sarah B. Morris, and said Sarah B. Morris on the 13th of
December, 1852, transferred the west half of said lot to one
of the complainants, Joshua Perry, and the east half to com-
plainant, William B. Martin. Said transfers were all en-
dorsed on said agreement, but not under seal: That the
assignment to complainants was for a valuable consideration:
That said Philips entered upon said land under said agree-
ment, and made a clearing and put up the buildings as stipu-

lated therein: That complainants under the assignment to them, went into possession, and at the expiration of said term of five years, tendered the one hundred dollars "mentioned in said agreement," and complied with all the conditions of the agreement, and demanded titles to said lands, which said Robinson refused, and that he has commenced his action of ejectment against complainants for the recovery of said land.

The bill prays for an injunction to restrain the action at law, and for a specific performance of said agreement with complainants as assignees thereof.

To the bill the defendant filed a demurrer, on the ground:

1st. That there was no equity in the bill.

2d. Because complainants have a full and adequate remedy at law.

3d. That the lease under which complainants claim title, is not transferable by delivery or endorsement.

4th. Because complainants show no title in themselves, under said lease, the same being under seal, and assigned to them by parol.

After argument had, the Court below overruled the demurrer, and ordered the defendants to answer, whereupon defendants excepted, and assigns error thereon.

SIMS; and B. HILL, for plaintiff in error.

PERKINS; and R. H. CLARKE, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was there equity in the bill? If there was, the demurrer was properly overruled, for all the grounds of the demurrer are included in the one, that there was no equity in the bill.

There was equity in the bill, if the interest acquired by Philips from Robinson was assignable. And that it was assignable, there can be no doubt. The contract between

Robinson and Philips contained no covenant, that Philips should not alien. The right of alienation therefore, was one of the incidents of the interest in the land acquired by Philips; and this right is an incident of leased property, which is to be defeated only by a very clear stipulation; Courts lean in favor of it  *See Comyn on Land. and Ten.* 234, *and cases cited.*

A covenant to renew a lease, runs with the land, and the assignee of the lease may require a specific performance of it. *Plat on Cov.* 250. Therefore Philips's right to purchase at the expiration of the five years, run with the land, and thus came to the complainants.

There was therefore equity in the bill.

The allegations in the bill with respect to the tender might well have been more particular and more certain. And one of the Court, (Judge McDonald,) thinks they should have been so.

But the demurrer does not make any special objection to them on this score, and it is not likely that their character was passed upon by the Court below. At all events, they are amendable. Therefore this Court decides nothing as to their sufficiency.

Nor does it decide anything, as to whether there are proper parties to the bill. That question was not made before the Court below.

The judgment of this Court merely is, that there was *equity* in the bill, and therefore, that the Court below was right in overruling a demurrer that was for want of equity.

Judgment affirmed.