GLEN C. FRISSELL, AND MYRTILLA FRISSELL, HIS WIFE, *Appellants*, v. W. H. NICHOLS, BISCAYNE TRUST COMPANY, ACTING AS EXECUTOR AND TRUSTEE FOR THE PHILLIP ULLENDORFF ESTATE (ALSO KNOWN AS THE P. ULLENDORFF ESTATE), AND JENNIE GOSSETT, JOINED BY HER HUSBAND, CLAUDE P. GOSSETT, *Appellees*.

En Banc.

Opinion Filed August 1, 1927.

Petition for Rehearing Denied October 13, 1927.

404

*Hefferman & Hoffman, Brown & Stokes and Loftin,, Stokes & Calkins,* Attorneys for Appellants;

*Mitchell D. Price, Robert J. Boone* and *Price, Price, Neely & Kehoe,* Attorneys for Appellees.

TERRELL, J.—On December 15th, 1919, Glenn C. Frissell joined by his wife, Myrtilla Frissell of Dade County, Florida, executed a lease to Phillip Ullendorff and W. H. Nichols of the said County and State. The lease was for a term of five years beginning January 1st, 1920, covered certain real estate in Miami, Florida, and contained a provision for purchase by the lessees reading as follows:

"And the said lessors, in the execution of this instrument, and in consideration of the payment of the rent and the performance of the covenants on behalf of the lessees as hereinabove recited, have by these presents, granted, bargained, sold, conveyed and assigned, and do hereby grant, bargain, sell, convey and assign unto the said Phillip Ullendorff and W. H. Nichols, an option or right to buy the above described property at any time on or before January 1st, 1925, for a total consideration of Forty Thousand Dollars ($40,000) said consideration to be paid as follows, to-wit: $5,000.00 to be paid in cash at the time of the delivery of deed; the remaining $35,000.00 to be secured by a mortgage to be signed by the said Phillip Ullendorff and the said W. H. Nichols, joined by their respective wives, if any. Said mortgage to secure seven promissory notes in the sum of $5,000.00 each, said notes to be written upon the usual bank form and to bear in-

terest from date at the rate of 8 per cent, payable semi-annually, and to provide for reasonable attorney's fees if collected by suit or by an attorney; said notes to fall due in the following order, to-wit:

> Note No. 1, one year after date;
> Note No. 2, two years after date;
> Note No. 3, three years after date;
> Note No. 4, four years after date;
> Note No. 5, five years after date;
> Note No. 6, six years after date;
> Note No. 7, seven years after date;

The mortgage to be executed by the lessees herein as aforesaid, to secure said sum of $35,000.00 shall be on the usual form, and shall be a first mortgage lien upon the above described property, and shall provide for the carrying of $10,000.00 insurance upon said property, the premiums of which are to be paid by the mortgagors.''

Subsequent to the execution of the foregoing lease, Phillip Ullendorff died leaving a last will and testament in which he bequeathed his entire estate including his interest in said lease to the Biscayne Trust Company as trustee with full power to manage and dispose of same. After the death of Phillip Ullendorff his widow married Claude P. Gossett one of the appellees herein. Prior to his death, W. H. Nichols and Phillip Ullendorff conveyed the said lease to Nichols-Ullendorff Realty Company, a corporation owned and controlled by the said Nichols and Ullendorff.

On December 9th, 1924, the Nichols-Ullendorff Realty Company through its attorney advised Glen C. Frissell that it was ready to exercise the option to purchase in the lease as herein quoted and was willing to do so by paying the $5,000.00 cash and executing their notes for $35,000.00 as

per terms of the option or it would pay the entire $40,000.-00 in cash. Other attempts were made prior to January 1st, 1925, the expiration date of the lease, to secure compliance with the terms of the purchase provision therein but all were rejected.

On January 12th, 1925, appellees here, complainants below, filed their bill in the Circuit Court of Dade County, praying that Glen C. Frissel and his wife, Myrtilla Frissell be required to convey the fee simple title to the lands described in said lease to W. H. Nichols and Biscayne Trust Company as executor and trustee for Phillip Ullendorff and Jennie Gossett and that they be required to accept in exchange for said deed $5,000.00 in cash and the notes of said W. H. Nichols and Biscayne Trust Company for all deferred payments in the form and amounts as already tendered by them therefor.

There was a demurrer to the bill of complaint which was overruled May 6th, 1925, and appeal was taken from that order.

Appellants contend here that the provision for purchase as here quoted is strictly personal to Ullendorff and Nichols and that by reason of the death of Ullendorff it is unenforceable because the notes and mortgage cannot now be executed as per terms of the purchase provision in the lease. Appellees contend that the lease as a whole is assignable including the provision for purchase and that consequently it can be enforced against Fressell by Nichols and Ullendorff or their representatives. The demurrer then may be said to raise the sole question of whether or not the provision in the lease for purchase was strictly personal to Ullendorff and Nichols.

An offer to sell merely contemplates the proffer, proposal, presentation or exhibition of something to another for acceptance or rejection. It is not based on a valuable consideration and prior to acceptance it may be withdrawn

at the pleasure of the one making it. An option to sell is a privilege existing in one person for which he has paid money. It gives him a right to purchase as per terms designated therein. An option to sell is also defined as a standing offer to sell to a designated person within a prescribed time on designated terms including an agreement to keep the proposition open for acceptance for the period stated. An option therefore embraces two distinct elements, (1) The contract to sell which is incompleted till accepted, (2) the agreement to give the optionee a certain time within which to exercise his option. Though a contract so far as mutual assent is concerned, an option confers no rights unless it carries the elements necessary to an enforceable contract. 6 R. C. L. 603. When an offer or option to sell is accepted it becomes a contract for sale binding on both parties thereto.

In the case at bar we have a lease in which was embraced an option or right to purchase any time prior to the expiration of the lease. The terms of the lease unquestionably make it assignable, in fact we understand the law to be that unless stipulated to the contrary the right to assign is incidental to and runs with a lease. Robinson v. Perry & Martin, 21 Ga. 183, 68 Am. Dec. 455; Simms v. Lide, 94 Ga. 553, 21 S. E. 220; Simmons v. Zimmerman, 144 Cal. 256, 79 Pac. 451; Connor v. Withers, 20 Ky. L. 1326, 49 S. W. 309; James on Option Contracts Section 606 and 607; Thompson on Real Property, Vol. 2, Article 1297. The lease here involved was assigned but was subsequently reassigned to the trustee of Ullendorff's Estate so that question becomes immaterial to this discussion.

In the instant case the option or right to purchase among other things names a consideration of $40,000.00 of which $5,000.00 must be paid in cash and the balance of $35,000.00 to be evidenced by seven promissory notes of $5,000.00 each, due in one, two, three, four, five, six and

seven years, bearing 8 per cent interest, secured by a first mortgage on the property and signed by Phillip Ullendorff and W. H. Nichols joined by their respective wives. Were such provisions sufficient to make the option or right to purchase personal to the lessees and unenforceable by reason of the death of Ullendorff said option not having been exercised prior to his death?

Executory contracts of a strictly personal nature are determined by the death of the contractor. Such contracts are executed with the implied condition that the death of either party shall dissolve them. Contracts of authors to write books, of attorneys to render professional services, of physicians to cure particular diseases, of teachers to instruct pupils, of masters to teach apprentices, and contracts involving the personal credit of the purchaser are among those included in this list. Chamberlain v. Dunlap, 126 N. Y. 45, 26 N. E. 966, 22 Am. St. Rep. 807, Note 812 and cases cited. Drummond v. Crane, 159 Mass. 577, 35 N. E. 90, 23 L. R. A. 707 and note; Elliott on Contracts, Vol. 3, Par. 1907, 27 R. C. L. Sec. 39.

It is competent for the parties to make any contract a personal one no matter what the subject matter. If the intention is manifested by the parties in express terms in the contract itself, it effects the same object as where the law implies the intention from the subject matter. Accordingly where by express terms the parties have excluded the idea of a substituted performance, no question upon the subject matter of the contract can arise. The death of either party in such a case terminates the contract as it would a contract construed from its subject matter as a personal one. Elliott on Contracts, Vol. 3, Par. 1907 and cases cited.

The rule seems to be that if the contract with a deceased person is executory and the personal representative can fairly and fully execute it as well as the deceased himself

could have done he may do so and enforce the contract. On the other hand the personal representative can be required to complete such a contract and if he fails to do so he may be compelled to pay damages out of the assets in his hand. On the whole it may be said that the line of demarcation between contracts that are purely personal in their nature and determined by the death of the party who has the non-assignable right or upon whom rests a non-delegable duty under the contract on the one hand, and contracts which the personal representative could complete as well as the deceased could have done, on the other hand, is not clearly defined and can only be determined in many instances by an inspection of the facts and circumstances in the particular case. Chamberlain v. Dunlap, *supra*.

The law indulges the presumption that one making a contract intends to bind his executors and administrators unless the contract is in some way personal to the testator or unless the language of the contract is such that a presumption of this kind could not be reasonably indulged. Chamberlain v. Dunlap, *supra*.

Consideration is the primary element moving the execution of a contract. One disposing of a valuable property as in the instant case has a right to select those with whom he will deal and to impose any reasonable restrictions with reference to performance that he may see fit. A contract to sell at any time within five years is not out of the ordinary but when the lienor in such a contract specifically requires that the seven notes evidencing the deferred payments together with the mortgage securing the same shall be executed and signed by the lienees and their wives he must have had some reason personal to himself for imposing such a requirement and in the absence of any showing to the contrary we must so hold.

Such specifications would on their face exclude the idea of a substituted performance and by reason of the death of

Ullendorff would terminate the contract so the decree of the chancellor is reversed with directions to sustain the demurrer.

Reversed.

ELLIS, C. J., AND WHITFIELD, STRUM AND BUFORD, J. J., concur.

BROWN, J., disqualified.