George B. DICKINSON,
Plaintiff-Appellant,

v.

AUTO CENTER MANUFACTURING
CO., John W. McLeod, et al.,
Defendants-Appellees.

No. 80–1483
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

March 12, 1981.

Rehearing Denied May 13, 1981.

Jack W. Hayden, Houston, Tex., Hubbard, Thurman, Turner, Tucker & Glaser, John R. Feather, Dallas, Tex., for plaintiff-appellant.

Butler, Binion, Rice, Cook & Knapp, Norman Riedmueller, Houston, Tex., Wolfe, Kirschenbau, Caruso & Mosley, Joe Teague Caruso, Cocoa Beach, Fla., for defendants-appellees.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Plaintiff, George B. Dickinson, appeals District Court's judgment ordering he take nothing and taxing all costs to him in this action for breach of an oral employment contract and fraud against defendants, Auto Center Manufacturing Co. (Auto Center) and its president, John W. McLeod, after jury trial on remand, *Dickinson v. Auto Center Manufacturing Co.*, 594 F.2d 523, 530 (5th Cir. 1979). In this second appeal, Dickinson alleges District Court erred in failing to (i) apply the law of the case by submitting to the jury the issue of consideration and (ii) enter judgment on the jury's verdict in conformity with this Court's prior opinion. Concluding District Court failed to properly instruct the jury on the issue of consideration, we reverse and remand again for new trial.

## I.

We will not set forth the facts fully as they are recorded in our prior opinion. Rather, we will refer to them only as is necessary to discuss the issues before us on this appeal.

In the prior opinion this Court held the May 1972 oral agreement between the parties constituted an oral contract, but was within the Texas Statute of Frauds, thus precluding Dickinson from recovery. 594 F.2d at 528. With respect to the March 27, 1973 agreement, however, the panel concluded Dickinson sufficiently proved a contract existed, *id.*,[1] and also established defendants breached the agreement. *Id.* at 529.[2] Based on Dickinson's production of substantial evidence on each element of his claim defendants breached the oral contract made on March 27, 1973, this Court determined reasonable persons could conclude Dickinson was entitled to recover the value of twenty-five percent of Auto Center stock and remanded for "a new trial on the issue of defendants' liability for breaching the March 27, 1973 oral agreement." *Id.* at 530.

On remand, District Court determined the case would be submitted to the jury on three special interrogatories to determine (i) existence of a contract, (ii) fair market value of 2,500 shares of Auto Center stock,

---

1. The panel specifically stated:

    Although the evidence on the terms of the oral contract was conflicting, both John McLeod and Dickinson testified that some sort of an agreement was reached on March 27, 1973. Dickinson thus sufficiently proved that a contract existed.
    594 F.2d at 528.

2. In making this determination, this Court resolved Dickinson produced substantial evidence on each element of his claim.

    Dickinson produced substantial evidence on each element of his claim that defendants breached the oral contract made on March 27, 1973.
    594 F.2d at 529.

and (iii) consideration for the contract.[3] Although interrogatory One instructed the parties on the requisites for determination of existence of a contract and interrogatory Two included a definition of "fair market value,"[4] District Court failed to apprise the jury what constitutes consideration under Florida law.

Dickinson objected to this lack of instruction on interrogatory number Three, requesting the jury be instructed a promise to do some act or to refrain from some act is sufficient to support a contract. District Court overruled the objection, rejected this request, and submitted the interrogatories to the jury as originally proposed. The jury found (i) the parties entered into an oral contract on March 27, 1973, (ii) the fair market value of twenty-five percent of Auto Center stock equals $694,666, but that (iii) Dickinson did not obligate himself in any way, other than to continue his existing employment with Auto Center or give up anything to the benefit of John McLeod or Auto Center in return for the obligation of Auto Center to supply Dickinson $25,000 to pay for 2,500 shares of stock. Based on these responses, District Court entered judgment on March 27, 1980, ordering Dickinson take nothing and the action be dismissed on the merits. Without abandoning his earlier objections to the inadequacy of the charge on consideration, Dickinson moved to alter or amend this judgment, arguing submission or nonsubmission of the issue of consideration was error because it had been resolved by the prior appeal and was the law of the case. District Court similarly overruled this motion and Dickinson brings this appeal.

## II.

Dickinson argues since the first panel found a contract existed there no longer remained any issue or question regarding the existence or nonexistence of consideration for the contract. Instead, he contends the only issues remaining after the prior appeal were (i) the exact terms of the contract, (ii) whether the parties' agreement was intended to be mutually binding without its reduction to writing and (iii) the damages he suffered as a result of Auto Center's breach of the contract. Therefore, Dickinson asserts once the jury determined under interrogatory number One an agreement existed although not reduced to writ-

3. The special interrogatories and jury answers were:

SPECIAL INTERROGATORY NO. 1:

Do you find from a preponderance of the evidence that George B. Dickinson and John W. McLeod and Auto Center Manufacturing Company entered into an oral contract on March 27, 1973 under the terms of which 2,500 shares or 25% of the stock of Auto Center Manufacturing Company would be issued to George B. Dickinson immediately in exchange for $25,000 to be paid by George B. Dickinson on September 30, 1973, with funds to be provided to him by Auto Center Manufacturing Company?

ANSWER: We do.

SPECIAL INTERROGATORY NO. 2:

What do you find from a preponderance of the evidence was the fair market value of 2,500 shares or 25% of the stock of Auto Center Manufacturing Co. on or about March 27, 1973?

ANSWER: $694,666.00

SPECIAL INTERROGATORY NO. 3:

Do you find from a preponderance of the evidence that George B. Dickinson obligated himself in any way, other than to continue his existing employment with Auto Center Manufacturing Company, or gave up anything of value, no matter how slight, to the benefit of John W. McLeod or Auto Center Manufacturing Company to supply the $25,-000 to be paid by George B. Dickinson for the stock on September 30, 1973?

ANSWER: We do not.

4. With regard to interrogatories One and Two, District Court issued these instructions:

INSTRUCTION: In order to answer Special Interrogatory No. 1 'We do' you must find from a preponderance of the evidence that there was a meeting of the minds of the parties as to the terms of the agreement, by that is meant that the parties agreed to the same thing at the same time and intended to be bound by the agreement without reducing it to writing.

If you have answered Special Interrogatory No. 1 'We do' and only in that event you will answer Special Interrogatory Nos. 2 and 3. INSTRUCTION: In connection with Special Interrogatory No. 2, you are instructed that 'fair market value' means what a willing buyer would pay and what a willing seller would accept, neither being under any obligation or compulsion either to buy or sell, and both with full knowledge of all pertinent facts.

ing and the fair market value of the stock in accordance with interrogatory number Two, submission of the question on consideration by interrogatory number Three was meaningless and improper.

In response, Auto Center points out the first panel decision involved only the review of a directed verdict. Auto Center contends this Court's previous opinion did not deprive the parties of a trial on the merits before a jury and District Court properly submitted the issue of consideration under interrogatory number Three.

Accepting generally this proposition, the question becomes one of Florida law and the adequacy of the District Judge's jury instructions on the controlling Florida principles. Unfortunately, neither of the briefs for the combatants even discussed any Florida cases, much less their analysis and application. Consequently this Court requested supplemental briefs on seven inquiries.[5]

■ Based on the supplemental responses it is clear that in Florida the primary element of consideration essential to formation of a contract, see, e. g., Frissel v. Nichols, 94 Fla. 403, 114 So. 431 (1927), is satisfied when any act of a plaintiff from which a defendant derives benefit, or by any labor, detriment, or inconvenience sustained by a plaintiff at either defendant's express or implied consent is present. Tampa Northern R. R. Co. v. City of Tampa, 104 Fla. 481, 485, 140 So. 311, 313 (1932). Moreover, the detriment which may be found to constitute adequate consideration for a promise need not be an actual loss to the promisor and may be based on either the express or implied consent of the promisee.

The Florida Courts' application of these principles have been broad and have often been utilized to interpret employment contracts. Indeed, particularly where employment was a continuing contract terminable at the will of either the employer or employee, the Florida Courts have held continued employment constitutes adequate consideration to support a contract. Tasty Box Lunch Co. v. Kennedy, 121 So.2d 52, 54 (Fla.App.1960).

■ Inasmuch as Dickinson's employment was a continuing contract terminable at the will of either Auto Center or himself, his continued employment and continued guaranties for the financing of Auto Center could, if credited, constitute sufficient consideration for the promise of McLeod and Auto Center to issue stock to him. Additionally, although our review of the pleadings indicates this may have been tried during the first trial by implied consent of the parties, the pleadings disclose Auto Center merely denied generally Dickinson's allegations. It did not plead the affirmative defense of failure of consideration as required by F.R.Civ.P. 8(c).

■ Although the substantially uncontradicted evidence of Dickinson's continued employment and the continued guarantees for financing of Auto Center come close to establishing consideration as a matter of law, we conclude that in light of the confusion existing, traced in part to some unintended ambiguities in our first decision, we should remand this case for determination of the issue of consideration under Florida law.[6] This Court affirms the jury findings

---

5. 1. The Florida law with respect to consideration and failure of consideration with factual discussion as applied to this case.

2. Whether pleadings, presented the defense of failure of consideration. See F.R.Civ.P. 8(c). If not, what is consequence?

3. In view of answers to Interrogataries 1 and 2, what issue is present under Florida law with respect to consideration or failure thereof?

4. Did the charge submitted by District Court adequately instruct the jury with regard to consideration or failure thereof so as to enable the jury to make answers to the interrogotories? See F.R.Civ.P. 49(a).

5. Did Interrogotary Three adequately submit to the jury the issue of consideration under Florida law?

6. Were any or all of the foregoing issues regarding consideration tried by consent of the parties? See F.R.Civ.P. 15(b).

7. What evidence of consideration is present in this case?

6. This requires, of course, adequate full instruction on the controlling Florida law. The District Court's effort in phrasing interrogatory Three, see note 1, supra, unaccompanied by an

**254**

as to interrogatories One and Two so the remand will be limited to the existence or nonexistence of consideration under Florida law.

In doing so we once again emphasize that we are not necessarily mandating a full fledge jury trial on this issue. The District Court may well have to conclude on motion for summary judgment, motion for directed verdict at the conclusion of Dickinson's case, or renewed by like motion at the conclusion of all the evidence or on motion for judgment n. o. v., that consideration is established as a matter of law. *See Carss v. Outboard Marine*, 252 F.2d 690, 693 (5th Cir. 1958).

AFFIRMED IN PART; REVERSED IN PART.

explanatory general charge, was wholly deficient in substance as well as in form. *See, e. g., Jackson v. King*, 223 F.2d 714, 717–18 (5th Cir. 1955).