# BAUZA CORPORATION, etc. v MASTER'S LANDSCAPE, INC. and MASTER'S LANDSCAPE, INC. v BAUZA CORPORATION, etc.

Case Nos. 90-103AP and 90-165AP (Lower Court Case No. 89-6454 CC-26)

Eleventh Judicial Circuit, Dade County

March 20, 1991

## APPEARANCES OF COUNSEL

**Sally Hanna Felcoski, Esquire,** for appellant.

**Denise V. Powers, Esquire,** for appellee.

Before SHAPIRO, ROTHENBERG, KORNBLUM, JJ.

## OPINION OF THE COURT

KORNBLUM, J.

Bauza Corporation, hereinafter referred to as Bauza or "Landlord" entered into a commercial land lease with Master's Landscape, Inc.,

hereinafter referred to as Master's or "Tenant" on April 22, 1988, leasing 48 acres of land in South Dade County for a term of 7 years at an annual rental of $12,000.00. There were no special provisions in the lease which was on a printed Ramco form.

On October 18, 1988, the parties entered into another lease for the same property for 5 years at the same rental. This lease contained the following provision:

"If lessee has any crops on the leased premises upon the expiration of the lease, then, and in such event, notwithstanding the expiration of the lease, lessee shall have the right to care for and harvest that crop notwithstanding the fact that the crops will not be ready for harvesting subsequent to the expiration of the lease."

On September 6, 1989, Bauza filed its complaint for eviction to which it attached the lease of October 18, 1988, and in which it is alleged that Master's violated the lease by committing waste and depleting the property.

On December 26, 1989, the trial court entered its judgment of eviction and awarded possession, including growing crops to the Landlord.

On December 27, 1989, the Landlord cashed or negotiated a check tendered by the Tenant in the sum of $12,000.00. On the face of the check was written: "Remittance Advice—Rent '89—'90." The check was dated June 30, 1989 and obviously was tendered to pay the rent pursuant to the lease from June 30, 1989 to June 30, 1990.

On January 3, 1990, Master's filed its Motion for Rehearing and on January 25, 1990, filed a Motion for Relief from Judgment.

By its order of March 26, 1990, the trial court deleted that part of the final judgment that awarded possession of "the growing crops on said property to the landlord" but otherwise denied Master's Motions.

On May 18, 1990, the Court entered its Final Judgment Awarding Attorney's Fees, in which it awarded the Landlord's Attorney a fee of $29,500.

Bauza appeals from the Order Upon Motion For Rehearing allowing Master's removal of crops. Master's cross-appeals from the Final Order Upon Motion For Rehearing of a Final Judgment of Eviction and appeals from the Judgment Awarding Attorney's Fees.

Bauza, in its appeal argues that Master's disavowed the lease of October 18, 1988 and that this Court should not consider it. There is nothing in the record, however, to suggest that the lease of October 18, 1988 was not legally viable. In fact, it was the lease sued upon.

Under these facts, we must construe, as the trial court no doubt did, that the parties intend the latter lease to modify and supersede the earlier one.

Without deciding the question which we do not reach, we do not necessarily agree that the trial court was correct in construing the lease as requiring the tenant to have the crops upon termination of the lease for violation of its terms.

We agree that the Landlord could accept the rent that was due to the date of the judgment. 83.231 F.S. We are unaware, however, of any authority allowing a Landlord to receive rent for a period after the termination of the lease.

Tenant argues that the acceptance and cashing of the check is a waiver and the Landlord is estopped from terminating the lease. *U.S. Properties, Inc. v Marvin Corp.,* Fla. (3 DCA) 123 So.2d 371.

The problem here is twofold:

First:    The check was not negotiated until after the judgment was entered.

Second: The Landlord was entitled to approximately half of the $12,000.00 represented by the check.

We can find no authority indicating that the rule should be different, post judgment, or that it makes any difference that the Landlord was entitled to part of the rent.

Had Bauza returned or tendered that portion of the rent to which it was not entitled, then perhaps our decision would be different.

We find that Bauza's acceptance and negotiation of the check was inconsistent with its termination of the lease and it is estopped from doing so.

We therefore reverse the Final Judgment of Eviction, quash the Final Judgment Awarding Attorney's Fees and remand with directions to dismiss the eviction action. Bauza's appeal is moot and is therefore dismissed.