PATTERSON, Judge.
Carl Luneke, individually and as personal representative of the estate of his wife, Sharron, appeals a nonfinal order determining the immediate right to possession of real property. See Fla.R.App.P. 9.130(a)(3)(C)(ii). The order appealed ejects Mr. Luneke from real property and grants appellee Roberta Becker a writ of possession based on the alleged termination of an agreement for deed entered into between Ms. Becker and her daughter, Sharron Lu-neke. We reverse the order and remand for further proceedings.
On August 16, 1989, Ms. Becker, as vendor, entered into an agreement for deed with her daughter, Sharron. At the time the agreement for deed was executed, Sharron and her husband, Carl, were already residing on the property. After the agreement for deed was executed, the Lu-nekes invited Ms. Becker to move in with them, and she did.
Notwithstanding the terms of the agreement for deed, Ms. Becker continued to make payments on a first mortgage and never requested that her daughter or son-in-law make payments on the mortgage. When the agreement for deed was prepared, Ms. Becker’s attorney advised the parties that it was within Ms. Becker’s discretion to either have her daughter actually make payments pursuant to the terms of the agreement or she could waive payments as a gift to her daughter.
Sharron Luneke died on June 15, 1991. Her husband was appointed personal representative of her estate, and under the terms of the will admitted to probate, he became her sole devisee. Following her daughter’s death, Ms. Becker continued to live with Mr. Luneke until she broke her hip. Although her son-in-law again invited her to return to the home after her recovery, Ms. Becker refused to return unless he first vacated the premises. Mr. Luneke changed the locks on the doors to the premises and refused to vacate.
■On April 8, 1992, Ms. Becker filed an action against Mr. Luneke individually and as personal representative of Sharron’s estate. Count I of the complaint sought rescission of the agreement for deed and alleged failure of consideration. Count II sought ejectment and damages. The ejectment count proceeded to a hearing in summary procedure. The trial court granted Ms. Becker’s demand for ejectment, ordered Mr. Luneke to vacate the premises, and directed the issuance of a writ of possession in Ms. Becker’s favor. The trial court based its decision on its conclusion that the agreement for deed was personal to Sharron Luneke and that her death dissolved and terminated the contract.
In determining that the agreement for deed was a personal contract which terminated on Sharron’s death, the *746 trial court relied on Frissell v. Nichols, 94 Fla. 403, 114 So. 431 (1927). Frissell dealt with an executory contract, a lease/option which the lessee had not yet exercised before his death. The present case, however, involves an executed agreement for deed. An agreement for deed is deemed to be a mortgage and subject to the same rules of foreclosure as a mortgage. See § 697.01, Fla.Stat. (1991); First Fed. Savings & Loan Ass’n of Ft. Myers v. Fox, 440 So.2d 652 (Fla. 2d DCA 1983). In Florida, a “lien theory” jurisdiction, the mortgagor may not be ejected from the property. See Martyn v. First Fed. Savings & Loan Ass’n of W. Palm Beach, 257 So.2d 576 (Fla. 4th DCA 1971), cert. denied, 262 So.2d 446 (Fla.1972).
Thus, the vendor under an agreement for deed has no right to repossess the property; the vendor must proceed with a foreclosure action. See Fox, 440 So.2d at 653; Mid-State Inv. Corp. v. O’Steen, 133 So.2d 455 (Fla. 1st DCA), cert. denied, 136 So.2d 349 (Fla.1961). Accordingly, the proper remedy in this case was not ejectment, but a foreclosure action. We reverse the judgment and remand the cause for further proceedings on the remaining count and to allow Ms. Becker leave to amend her complaint to include a foreclosure count.
Reversed and remanded.
HALL, A.C.J., and THREADGILL, J., concur.