BARFIELD, J.
In this suit for specific performance of an option to purchase provision in a lease agreement, we reverse the trial court’s order granting the defendant’s motion for summary judgment.
In 1974, appellant leased from Thomas and Wilma Rawls Newman, a retirement-aged couple, a lot near Lake Talquin, part of a larger parcel owned by Wilma Newman. The agreement provided that appellant would pay the Newmans $45 per month rent, as well as the taxes on any improvements he made to the property. The lease period was to end “3 months after the death of the Lessee,” and the agreement contained a provision giving appellant the option to purchase the leased premises and an adjoining parcel that extended to the lake for $10,000 “in the event the Lessee survives Lessors and Mary Inez Newman, sister of Co-Lessor Thomas F. Newman.” The agreement provided that the Newmans had the right to cancel the lease if they sold the 33.9 acres which included the leased premises, and that if they did so, appellant could remove any improvements he had made, or alternatively, the Newmans would buy the improvements at a price to be determined by a formula included in the agreement. The agreement provided that it “shall be binding upon the heirs, devisees, executors, administrators and assignees of said Lessors and Lessee” and that during the “3 months after the death of the Lessee,” appellant’s heirs or his estate would have “the right to exercise either of [the] two options granted Lessee” regarding improvements to the property.
Appellant built a two-bedroom residence on the property and made other improvements to the property, “in anticipation of exercising the option to purchase contained in the lease.” Mary Inez Newman died in 1994; Wilma Rawls Newman died in April 1998, leaving a life estate in the subject property to her husband, with the remainder interest given in fee simple title to Joyce Burnsed, the sole beneficiary and personal representative of her estate; Thomas Newman died on August 28, 2000.
On September 8, 2000, appellant (who was then in his 80s) recorded a “notice of intent to exercise option” to purchase the property according to the terms of the 1974 agreement. Burnsed’s attorney wrote his attorney a letter which stated that it constituted Burnsed’s notice of cancellation of the lease, that neither Burnsed nor the estate “will accept any checks for rent,” and that “any checks mailed subsequent to the death of Thomas Newman have been held without cashing.” The letter requested appellant to advise as to “what, if any, improvements will be removed pursuant to the cancellation clauses of the lease.”
Appellant then filed a notice of claim in the Wilma Newman probate proceedings, and on October 26, 2000, he had delivered *1103 to Burnsed’s attorney a letter enclosing a $10,000 check “as the option purchase price on the lakehouse lot and adjacent lot.” He also filed a complaint for specific performance against Burnsed, personally and as personal representative of the estate of Wilma Newman. Burnsed’s answer included a motion for summary judgment on the grounds that Burnsed owns the property in fee simple title, but was not a party to the “alleged lease,” which she canceled “as personal representative of the estate of Wilma Rawls Newman and due to the subsequent death of Thomas Newman, the life estate holder”; that appellant has not been on the property since 1996 and has left the improvements in disrepair; that Burnsed has maintained and fenced the property, and has provided a caretaker; and that the rent amount is “completely unreasonable for such valuable property.” It also included the affirmative defenses that the option to purchase was void upon the deaths of the Newmans, relying upon Frissell v. Nichols, 94 Fla. 403, 114 So. 431 (1927), and that the lease was void as an unreasonable restraint on alienation, citing Iglehart v. Phillips, 383 So.2d 610 (Fla.1980), and Brine v. Fertitta, 537 So.2d 113 (Fla. 2d DCA 1988). Finally, it included a demand to remove clouds of title and “pay all fees and costs associated therewith,” and a demand for attorney’s fees and costs “pursuant to slander of title,” citing Colen v. Patterson, 436 So.2d 182 (Fla. 2d DCA), rev. denied, 438 So.2d 831 (Fla.1983). Appellant denied the allegations in both affirmative defenses. His response to the motion for summary judgment stated that the lease agreement by its terms is binding upon the heirs of the Newmans and denied that Burnsed has fee simple title “until the administration of the probate estate of Wilma Rawls Newman and until the interest of any individuals, such as Plaintiff, with contract rights are determined.” He affirmed that a caretaker had moved onto the property and a fence had been installed “at some time after the death of Thomas Newman,” and that “monthly lease payments totaling more than $14,000 have been paid by Plaintiff.” He asserted that all the conditions precedent to his right to purchase the property had occurred, that the 33.9 acres are worth $169,500 according to the inventory filed in the probate proceedings, so that the option price of $10,000 for less than 3/4 of an acre “is clearly reasonable,” and that there had been no showing that the value of the remaining property not subject to the option “would be impacted in any way.” In addition, he claimed that Burnsed had not filed an affidavit in support of her motion, and that because she had not timely responded to his request for admissions, request for production, and interrogatories, all the statements in those documents were deemed admitted.
After a hearing on the motion, the trial judge entered an order which included the following findings:
7. An option to purchase does not create any rights in land and the option cannot be related back to the date of the creation of the option or of the lease, Gautier v. Lapof, 91 So.2d 324 (Fla. 1956).
8. The lease is now void because it was not mutual between the Respondent and the Plaintiff. The option to purchase clause is now void because it was not mutual between the Respondent and the Plaintiff.
9. The death of any party to the lease terminated the lease with its option to purchase clause, Frissell v. Nichols, 94 Fla. 403, 114 So. 431 (Fla.1927).
10. The lease including its option to purchase clause is void as an unreasonable restraint on alienation, Ingle- *1104 hart[Iglehart] v. Phillips, 383 So.2d 610 (Fla.1980).
11. The Respondent is entitled to fall repayment of her attorney’s fees and costs, Colen v. Patterson, 436 So.2d 182 (Fla. 2d DCA 1983).
The order granted Burnsed’s motion for summary judgment, ordered appellant to withdraw from the Wilma Rawls Newman probate case, “where his filings have created a cloud on the title of this large tract of land,” and to pay “all fees and costs associated therewith,” and also ordered him to pay all fees and costs associated with the subject suit.
We must reverse the trial court’s order. The 1974 agreement by its terms bound the heirs and assigns of all the parties, and therefore bound Burnsed to sell the property to appellant when he exercised the conditional option to purchase and tendered the agreed-upon purchase price. Burnsed’s arguments, not addressed in the order, that the rent and the purchase price were unreasonable under the circumstances, involve factual disputes which are not appropriate for disposal by summary judgment.
Gautier v. Lapof upon which the trial judge improperly relied for findings which were irrelevant to the question before her, involves the question of whether, for homestead exemption purposes, a person who exercises an option to purchase is deemed to have owned the property prior to exercise of the option. Contrary to the trial judge’s apparent impression, Frissell v. Nichols did not hold that the death of any party to a lease necessarily terminates the lease with its option to purchase clause, but rather noted that the demarcation between purely personal contracts ended by a party’s death and those which the personal representative can complete can be determined in many eases only from the circumstances, and that the law presumes that a contracting party intends to bind personal representatives unless the contract is in some way personal to him or her, or unless the language shows such a presumption to be unreasonable. The Frissell court found that the agreement in that case, which specifically required the seven notes evidencing the deferred purchase payments, together with the mortgage securing the notes, to be executed and signed by the lienees and their wives, was a personal contract. However, the agreement in the case at issue is not such a “personal” contract, and specifically states that it binds the heirs and assigns of the parties.
Iglehart v. Phillips involved a repurchase option contained as a restrictive covenant in a deed which conveyed over 300 acres of land for $10 and gave the sellers and their heirs the right of first refusal for an unlimited period (the covenant ran with the land and bound the buyer’s heirs and assigns) and for a fixed purchase price (the $10 purchase price plus the cost of permanent improvements). The trial court found that the option restraint was unreasonable because (1) there was no purpose for which the restraint was imposed, (2) the duration of the restraint was unlimited, and (3) the method of determining the price to be paid was unreasonable in light of the present value of the land, thus creating a substantial restraint on the alienation. The supreme court affirmed the finding that the repurchase option was void as an unreasonable restraint on alienation, noting that the rule against unreasonable restraints on the use of property concerns restraints of such duration that they prevent the free alienation of property and is principally concerned with the duration of a restraint on property. It stated that the test of “reasonableness” should be applied with respect to a restraint on alienation, and that the validity *1105 or invalidity of a restraint depends upon its long-term effect on the improvement and marketability of the property, noting that once this effect is determined, “common sense” should dictate whether it is reasonable or unreasonable. It explained:
An option for a fixed price clearly discourages any improvements of the land by the existing property owner because he could never recover the value of the improvements should the optionee exercise the option. It is important, however, to distinguish this type of option from a dependent fixed price option contained in a lease. In the latter instance, the option is reasonable because it encourages improvements by the op-tionee-possessor, as they would inure to him at no increase in price upon the exercise of the option. These two situations illustrate the necessity to determine the effect of the option on the use and improvement of the property in order to determine its reasonableness.
383 So.2d at 615 (emphasis supplied). Under the rationale of Iglehart, the agreement in this case (a fixed price option contained in a lease, which can be exercised only during the period from the death of the last of the three people named in the agreement until three months after appellant’s death) was not a restraint upon alienation, because it was not of unlimited duration and because it encouraged the lessee/possessor (appellant) to make improvements to the property which would inure to him and/or his heirs at no increase in price upon exercise of the option. The agreement allowed the Newmans or their heirs to sell the property as part of a larger parcel (thereby cancelling the lease) at any time before the option was exercised, so long as they allowed appellant to remove his improvements or paid him for the improvements, but it also obligated the heirs of the Newmans, if appellant survived the three people named in the agreement, to sell the subject property to him (or to his heirs within 3 months after his death) once the option was exercised and the agreed-upon price was tendered. Because appellant timely gave notice of his intent to exercise the option and tendered the $10,000 purchase price, summary judgment for Burnsed was inappropriate.
Judge Cowart, writing for the court in O’Berry v. Gray, 510 So.2d 1135 (Fla. 5th DCA) rev. denied, 518 So.2d 1275 (Fla.1987), addressed a summary judgment involving somewhat similar circumstances. In that case, the Wilkersons had sold a large tract of land to the appellants, reserving two 2-acre tracts upon which they and a relative resided. As part of the purchase consideration, the appellants received two option agreements, one of which granted them the right to purchase the Wilkersons’ two acres for $5,000 “upon the death of the survivor of us,” and provided that the option would continue for 60 days after notification of the death of the survivor. After Mr. Wilkerson died in 1976, Mrs. Wilkerson quit-claimed the two-acre parcel to Gray, and when she died in 1982, the appellants timely exercised their option to purchase, but Gray and the other heirs refused to convey. The appellants sought specific performance of the option agreement, and the trial court entered summary judgment for the heirs. The 5th DCA reversed, finding that the difference in the appraised value of the property and the $5,000 option purchase price was “insufficient as a basis for a finding of substantive unconscionability.” Judge Cowart wrote:
Who, besides the Wilkersons, could say how much the money the Wilkersons received from appellants in 1965 for the land and option agreement meant to them, or how little it may have meant to the Wilkersons in 1965 what the value of *1106 the two acres might be after they had died?
510 So.2d at 1137. As to the trial court’s reliance on Iglehart v. Phillips for its ruling that the option agreement was void as a restraint on alienation because it was “a fixed-price agreement of unlimited duration in that it requires notification of the death of the last surviving spouse,” Judge Cowart wrote:
This option is not subject to the infirmity of indefinite duration because even if the option is interpreted as appellees contend, appellees, as owners of the legal title, could at any time unilaterally limit the duration of appellants’ equitable rights to enforce their purchase option merely by notifying appellant’s of Theola’s death, thereby commencing running of the 60 day limitation on appellant’s right to exercise their purchase option.
Id, at 1138.
Appellee, or Mrs. Newman before her death, could have canceled the lease and its option to purchase by selling the property, although Burnsed’s sale of the property during Mr. Newman’s lifetime would have been subject to his life estate. Without such a valid cancellation of the lease, however, the conditional option to purchase was limited to three months after appellant’s death, and was therefore not of unlimited duration.
The trial court’s order is REVERSED and the case is REMANDED to the trial court for further proceedings consistent with this opinion.
BOOTH and PADOVANO, JJ., concur.