EGON NEUSTADT ET AL. *v.* EDWARD D. PEARCE, JR.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

404

Argued June 4—decided July 1, 1958

*Richard Hanna,* for the appellants (plaintiffs).

*Stephen N. Hume,* with whom, on the brief, was *David Cramer,* for the appellee (defendant).

BALDWIN, J.   On December 30, 1932, William H. Edwards owned, in Sherman, a large tract of land which he had developed for residential purposes and portions of which he had sold for building lots.  On that date  he conveyed 1.3 acres of the tract to Camille DeBarbac, and the deed was duly recorded.  The deed contained the following covenant:  "The grantor shall also have the right and privilege to repurchase the above described premises in the event that the grantee desires to sell the same, at a price which the grantee shall have been offered for a sale and conveyance of the same premises.  The conditions above provided for are all part of the consideration of the sale of the premises and the conveyance of same by the grantor, and are binding upon the heirs, successors and assigns of the parties hereto."  Camille DeBarbac conveyed these 1.3 acres to Clara Keller on December 15, 1936, and she in turn conveyed them to the defendant on July 26,

1944. Meantime, on May 31, 1935, Edwards mortgaged the unsold portion of his development to Eliot D. Platt, to whom he also gave a second mortgage on October 7, 1935. These mortgages were foreclosed on March 9, 1945, and Carl Larson, an incumbrancer, redeemed and obtained title on April 14, 1945. Larson conveyed to the plaintiffs on August 10, 1945. In June, 1956, the defendant offered his 1.3 acres for sale, and the plaintiffs, relying on the provision concerning repurchase in the deed from Edwards to DeBarbac, made tender of the asking price and demanded a conveyance, which the defendant refused. The plaintiffs then brought this action to restrain the defendant from conveying to anyone but them without first offering to convey to them at the contemplated purchase price. The trial court rendered judgment for the defendant, and the plaintiffs have appealed.

The decisive issue is whether the covenant giving the right to repurchase is enforceable by these plaintiffs, Edwards' successors in title to the original tract. The covenant purported to grant to Edwards, his heirs, successors and assigns a continuing option, unlimited as to time, to purchase the acreage originally sold to Camille DeBarbac. It attempted to create a contingent interest which might not vest until some uncertain date in the future. It falls clearly within the principle stated in *H. J. Lewis Oyster Co.* v. *West,* 93 Conn. 518, 530, 107 A. 138, and is void as violative of the rule against perpetuities. Restatement, 4 Property § 394; 2 Tiffany, Real Property (3d Ed.) § 405; 6 American Law of Property § 24.56.

The plaintiffs argue that the case at bar is distinguishable from the *Lewis Oyster Co.* case, supra. In that case, they say, the grantor reserved an option to repurchase for a stated sum, whereas here the gran-

tor, if he exercises his right to repurchase, must pay the market price. Therefore, the plaintiffs contend, the only effect of the covenant is to determine who the purchaser shall be. This distinction is superficial and is not a valid one. It concerns only the degree to which the option to repurchase operates and not the basic nature of the interest which it creates. The covenant, though it does provide in effect that the covenantee must pay the market price in order to exercise his option, nevertheless creates a contingent future interest, and, if valid, it would limit the power of any successor in title to Camille DeBarbac to convey an absolute fee. For the reasons stated it is invalid, and the trial court was correct in so holding.

There is no error.

In this opinion the other judges concurred.