383 So.2d 610 (1980)
Stewart IGLEHART et al., Appellants,
v.
Walter PHILLIPS, Jr., Appellee.
No. 52503.
Supreme Court of Florida.
March 13, 1980.
Rehearing Denied June 6, 1980.
*611 John S. Call, Jr., of Stewart, Van der Hulse, Call & Byrd, Palm Beach, for appellants.
Richard V. Neill of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, for appellee.
OVERTON, Justice.
This cause is before this Court upon a request from the United States Court of Appeals for the Fifth Circuit to answer certified questions concerning whether a repurchase option contained as a covenant in a deed is void as being a violation of the rule against perpetuities or the rule against unreasonable restraints on alienation, and, if so, whether the deed is subject to rescission or cancellation. Phillips v. Iglehart, 558 F.2d 737 (5th Cir.1977). We have jurisdiction.[1]
The stipulated facts are as follows:
Statement of Facts:
This case for declaratory relief involves a repurchase option in a deed. Plaintiff maintains that the repurchase option should be declared invalid, void and of no force and effect. Defendants say that it is valid and should be upheld, but if it is held invalid, the Defendants maintain that the Court should rescind the deed and restore the parties to the status quo prior to the execution of the deed.
By deed dated March 12, 1959, filed June 24, 1959, recorded in Deed Book 249, Page 246, public records of St. Lucie County, Florida, Defendants conveyed to Plaintiff's now deceased father 306.35 plus or minus (+ -) acres of land subject to a repurchase option specifically set forth in the deed.
The deed recites as follows:
"Witnesseth that the said parties of the first part (Defendants) for and in consideration of the sum of $10.00 and other valuable considerations, to them in hand paid, the receipt whereof is hereby acknowledged, have granted, bargained, sold, transferred, and by these presents, do grant, bargain, sell and transfer unto the said party of the second part and his heirs and assigns forever, all that certain tract of land lying and being in the county of St. Lucie and the State of Florida more particularly described as follows:
(Legal Description omitted)
This conveyance is made subject to the following restrictive covenant which is construed as a covenant running with the land and shall inure to the benefit of and be enforceable by the grantors, their heirs, legal representatives and assigns, and shall be applicable and be binding upon the grantee, and his heirs, legal representatives and assigns:
1. The grantee does hereby covenant that in the event the grantee herein desires to sell the property conveyed by this deed, together with improvements, if any, then said property shall be offered for sale to the grantors at a price, which shall equal the amount paid by the grantee to the grantors for said property plus the cost of all permanent improvements placed on said property by the grantee and the grantors shall have sixty (60) days within which to exercise their option to repurchase said property; and should the grantors fail or refuse within sixty days after receipt of written notice of grantee's desire to sell the property to exercise their option to repurchase said property, based upon a price hereinabove mentioned, then the grantee of said property shall have the right to sell said property to other parties.
By accepting this deed the grantee agrees that the foregoing covenant and condition is made as a part of the consideration *612 for this conveyance and is a part of the purchase price of the above described land.
Together with all the tenements, hereditaments, and appurtenances, with every privilege, right, title interest and estate, dower and right of dower, reversion remainder and easement thereto belonging or in any wise appertaining:
TO HAVE AND TO HOLD the same in fee simple forever."
Affixed to the deed are twenty cents in Florida documentary stamps reflecting a tax (at that time) on a cash consideration of between $1.00 and $100.00. The land at that time was worth approximately $200.00 per acre.
Plaintiff, in his deposition, testified that he didn't know what his father paid for the property in question but that he had been given to understand that his father paid only the $10.00 recited in the deed. Defendants contend there was no cash consideration and that the repurchase option was the only consideration for the deed. Plaintiff claims this fact is irrelevant, but doesn't deny it, and further contends that any evidence as to consideration for the deed was hearsay and violative of both the Florida Dead Man's Statute, Fla. Stat. § 90.05 and the parol evidence rule.
Plaintiff received the subject property as a gift from his mother after his father's death, and paid nothing for it. Defendants have never received any notice of a desire to sell nor has the property been offered to Defendants pursuant to the repurchase option. Defendants were requested to subordinate the repurchase option to a mortgage lien, which they did. Plaintiff and his father before him have been in possession of the subject real property since 1959, have maintained it, paid taxes on it since that time and have made improvements thereon, including construction of a house, improvement of pasture and construction of fences.
The subject covenant has not been breached, however, Plaintiff has filed this action to have the Court determine validity or invalidity. Defendants, by answer and counterclaim, sought to have the repurchase option upheld, or in the alternative, to have the deed rescinded and the parties placed in status quo.
The Plaintiff-Appellee contends that the repurchase option is void as violative of the rule against perpetuities and the rule against unreasonable restraints on alienation and is therefore unenforceable and that he is therefore entitled to a judgment declaring that he holds title unencumbered by the repurchase option. The Defendants-Appellants, on the other hand, contend that the repurchase option is not subject to the rule against perpetuities nor the rule against unreasonable restraints on alienation, but if it is, the entire transaction should be rescinded. Plaintiff-Appellee replies to the prayer for rescission by pointing out that granting the relief of rescission would have the same effect as enforcement of the invalid covenant.
Summary judgment was granted Plaintiff based upon the amended complaint, answer, counterclaim, answer to counterclaim, request for admission and answers thereto, deposition of Plaintiff Walter Phillips, pre-trial stipulation, and motion for summary judgment.
The United States District Court for the Southern District of Florida, the original trial court in this proceeding, held the repurchase option provision void. The trial court expressly found the option restraint was unreasonable because (1) there was no purpose for which the restraint is imposed; (2) the duration of the restraint was unlimited; and (3) the method of determining the price to be paid was unreasonable in light of the value of the land today, thus creating a substantial restraint on the alienation. The court rejected the grantors' claim that this finding entitled them to rescission or cancellation of the deed because of a material mistake of fact or law. In so doing, the trial court determined that the option provision appeared to have been inserted by the grantor for his own benefit, and, consequently, equity should not grant him relief. The court further held that although the *613 subject invalid covenant was consideration for the conveyance, it was only a part of such consideration and that inadequacy of consideration is not a sufficient basis for rescinding or canceling a deed unless it is so gross as to indicate fraud. The trial court concluded that affording defendants the relief of rescission would effect the same result as upholding the option, and this would circumvent the rule against unreasonable restraint on alienation.
The Fifth Circuit certified four questions to this Court.[2] We have restated the questions, and our response is in two parts.

PART I

THE RULE AGAINST PERPETUITIES AND UNREASONABLE RESTRAINTS ON THE ALIENATION OF PROPERTY
We restate the first certified question as follows:
Under Florida law, is a repurchase option, expressly set forth in a deed as a covenant running with the land and as part of the consideration for the conveyance, void as being in violation of the rule against unreasonable restraints on alienation or the rule against perpetuities, under circumstances where the option is unlimited as to time, the price is fixed, and no purpose other than consideration is stated in the deed?
We must determine whether the repurchase option is void because it violates (1) the rule against perpetuities, or (2) the common law rule against unreasonable restraints on the alienation of property. Although distinct entities, these rules share a common public interest and purpose. They each came into existence to facilitate the marketability and continued utilization of property. In simple terms, their purpose is to ensure that property is reasonably available for development by prohibiting restraints that remove property from a beneficial use for an extended period of time. L. Simes and A. Smith, The Law of Future Interests § 1135 (2d ed. 1956); Leach, Perpetuities *614 in a Nutshell, 51 Harv.L.Rev. 638, 640 (1938). To answer the first question, it is necessary to distinguish and define these two rules and apply them to the stipulated facts of this case.

Rule Against Perpetuities
Professor Gray's statement of the rule against perpetuities is as follows: "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." J. Gray, The Rule Against Perpetuities § 201 (4th ed. 1942). We adopted the rule in Story v. First National Bank & Trust Co., 115 Fla. 436, 441, 156 So. 101, 104 (1934), stating: "[T]he vesting of an estate . . can be postponed no longer than a life or lives in being and twenty-one years plus the period of gestation." It is a rule of law, not of construction, and it applies to legal and equitable estates of both realty and personality. It is not a rule that invalidates interests which last too long, but interests which vest too remotely. In other words, the rule is concerned not with the duration of estates but with the time of their vesting.
The rule against perpetuities being a rule of property law, not of contract law, some writers have questioned whether an unexercised option which creates no interest in land can be subject to the rule. See Note, Options and the Rule Against Perpetuities, 13 U.Fla.L.Rev. 214 (1960). Generally, an independent option, or option in gross, which is an option that is not a part of or included in a leasehold or conveyance, is subject to the rule against perpetuities; however, there are numerous exceptions which exclude certain options contained in a lease or deed from the applicability of the rule. 6 American Law of Property § 26.66 (A.J. Casner ed. 1952); Restatement of Property §§ 393-94, 413 (1944); 5 Powell on Real Property § 771(2) (1979); L. Simes & A. Smith, The Law of Future Interests § 1154 (1956). Although we conclude that the option in this case might be subject to the rule against perpetuities, such a finding is not necessary to answer the first question since we find this repurchase option is more appropriately classified as an unreasonable restraint on the use of the subject property. Further, it should be recognized that the rule against perpetuities in the State of Florida is now governed by a statute adopted by the legislature in 1977, subsequent to the commencement of this case. The rule as rewritten by statute excludes from its operation restraints of the type contained in the instant case.[3]

Rule Against Unreasonable Restraints
The rule against unreasonable restraints on the use of property concerns restraints of such duration that they prevent the free alienation of property. While the rule against perpetuities invalidates interests which vest too remotely, the rule against unreasonable restraints is principally concerned with the duration of a restraint on the property rather than the time of vesting. The test which should be applied with respect to restraints on alienation is the test of reasonableness. The validity or invalidity of a restraint depends upon its long-term effect on the improvement and marketability of the property. Once that effect is determined, common sense should dictate whether it is reasonable or unreasonable.
Case law has in a number of situations identified reasonable and unreasonable restraints under the rule. It is generally agreed that an option restraint is reasonable if the option price is at market or appraised value, irrespective of the duration of the option. Restatement of Property § 413 (1944). This general principle was adopted in Watergate Corp. v. Reagan, 321 So.2d 133 (Fla.4th DCA 1975), which approved as reasonable an unlimited duration *615 repurchase option, at a price established by market value. In Blair v. Kingsley, 128 So.2d 889 (Fla.2d DCA 1961), a right of first refusal of twelve-year duration for purchase at market value, to be exercised within one year of notice of sale, was held reasonable. The case of Wing, Inc. v. Arnold, 107 So.2d 765 (Fla.3d DCA 1958), concerned an option to purchase which was contained in a ninety-nine-year lease, with the price to be determined by appraisal. In considering whether this option violated the rule against perpetuities, the district court in Arnold expressed the following rationale in rejecting the rule's application:
The reasoning given to the majority view is that improvement of the land is stimulated rather than retarded by the presence of an option to purchase in the lessee, and substantial improvements may be made by the lessee with impunity. Without the benefit of such an option it would not be good business for a lessee to make improvements which would have substantial value at the end of the lease term; and a contrary rule would defeat the policy favoring free alienation and use of property, sought to be furthered by the Rule Against Perpetuities.
Id. at 769. This reasoning applies equally well in an unreasonable restraint case.
Although the law is clear that a repurchase option at market or appraised value for unlimited duration is not an unreasonable restraint, the situation changes substantially when the price is fixed in the option. It is the generally accepted rule that a fixed price repurchase option of unlimited duration, independent of the lease, is an unreasonable restraint. Missouri State Highway Comm. v. Stone, 311 S.W.2d 588 (Mo. App. 1958); 6 American Law of Property §§ 26.63-.67 (A.J. Casner ed. 1952). See also 4 Thompson on Real Property § 2015 (1979); 7 Thompson on Real Property § 3574 (1962). Consistent with this general rule of law, we held in Davis v. Geyer, 151 Fla. 362, 9 So.2d 727 (1942), that a deed containing a provision which prohibited the grantee from selling property without first obtaining the approval of the grantor was violative of the rule against unreasonable restraints because the provision allowed the grantor to arbitrarily deny a sale.
An option for a fixed price clearly discourages any improvements of the land by the existing property owner because he could never recover the value of the improvements should the optionee exercise the option. It is important, however, to distinguish this type of option from a dependent fixed price option contained in a lease. In the latter instance, the option is reasonable because it encourages improvements by the optionee-possessor, as they would inure to him at no increase in price upon the exercise of the option. These two situations illustrate the necessity to determine the effect of the option on the use and improvement of the property in order to determine its reasonableness.[4]
Independent fixed price options have been approved in certain circumstances, but only where they were of limited duration. We approved as reasonable a fixed price option which was of limited duration in MacArthur v. North Palm Beach Utilities, Inc., 202 So.2d 181 (Fla. 1967). The option we approved granted to the mortgagee a right to repurchase the property, but only during the life of the mortgage. In Warren v. City of Leesburg, 203 So.2d 522 (Fla.2d DCA 1967), a ninety-nine-year fixed-term option was approved by the Second District Court of Appeal. It should be noted that the issue of an unreasonable restraint was not fully considered by the trial court because it was not raised until a petition for rehearing was filed. We are concerned about the reasonableness of such a long-term fixed-price option, but we need not confront that question in the context of this case.
Turning to the instant case, the option is (1) a right of first refusal for an *616 unlimited period and (2) for a fixed purchase price, established as the price paid for the land plus the cost of the improvements. Although a right of first refusal is reasonable if based on market price or appraised value, such an option is unreasonable if based on a fixed price. Under the formula contained in the subject restraint, the option price would never include appreciation of the property or improvements. This would restrict improvements, since only their original cost and not their value would be recoverable. Further, for as long as there is an inflationary market, the use of the property would be much more valuable than the cost and, consequently, there would never be a sale. For all practical purposes, we find the formula contained in this restrictive covenant no different than a fixed-price option of unlimited duration, which has uniformly been held an unreasonable restraint. We find the provision fixing the price as the purchase price plus cost of improvements to be invalid and unenforceable.

PART II

RESCISSION OR CANCELLATION OF DEED CONTAINING THE RESTRICTIVE COVENANT
We restate the second, third, and fourth certified questions as follows:
If the subject covenant is void as an unreasonable restraint on alienation under Florida law, is the deed subject to rescission for mistake or cancellation for inadequate consideration where the covenant is stated in the deed to be part of the consideration for the deed, when the grantee has been in possession under the deed for more than fifteen years, paid all taxes on the subject property, and constructed substantial improvements including a home thereon?
We answer this question in the negative and find that the deed is not subject to rescission or cancellation, but the grantor's successors are entitled to equitable relief under the circumstances of this case.
The subject property conveyed to the grantee consisted of approximately 306 acres upon which the grantee's father constructed a house, improved the pasture, and constructed fences. From the stipulated facts, no more than ten dollars in cash was paid for the property.
What must be answered is whether the void restraint results in such a mistake or inadequate consideration that equity requires rescission, cancellation, or other equitable relief.
The heirs of the grantor claim that if the covenant is void, rescission is the proper remedy because the option constituted the whole of the consideration. They cite the Restatement of Property, section 394, comment F (1948 Supp.), which provides:

Effect of invalidity of option to repurchase. An option to repurchase the whole or any part of the interest conveyed is necessarily only one ingredient in the entire transaction between the parties. If this ingredient is so essential a part of the entire agreement that the parties would not have made the agreement, if they had known of the option's invalidity, then the failure of the option is a sufficient basis for appropriate proceedings to rescind the entire transaction and to restore each of the parties to the situation in which he was before the transaction was made. [Emphasis supplied.]
The grantors also assert that to declare the covenant void, but deny rescission or cancellation of the deed, is to make the conveyance by the original grantor a total gift of the subject property. This they argue was clearly not the intent of either party to the transaction.
The grantee's heirs contend that relief by way of rescission would be improper because it would have the same effect as enforcement of the invalid covenant. They assert that the restatement position recommending rescission was adopted solely on the authority of Pure Oil Co. v. Baars, 224 N.C. 612, 31 S.E.2d 854 (1944), the circumstances of which are distinguishable from the instant case. It is contended that the position of the Supreme Court of Connecticut *617 in Neustadt v. Pearce, 145 Conn. 403, 143 A.2d 437 (1958), is applicable under the instant facts. Neustadt concerned a repurchase clause which recited that the option to repurchase was part of the consideration of the sale. The court held the repurchase clause to be void, but found that this did not require cancellation of the deed. The grantees further cite our decision in Brinkley v. Arnold, 98 Fla. 166, 123 So. 569 (1929), as authority for the proposition that failure of part of the consideration does not establish a sufficient basis for rescinding or canceling the deed. In Brinkley the grantor conveyed certain Florida land in return for a sum of money and eighty acres of land in Arkansas. The grantor sought cancellation of the deed to the Florida land, alleging that the grantee had not possessed title to the Arkansas tract. It was held that cancellation was not equitably required because the grantor made an inadequate inquiry concerning the status of the Arkansas land, and, under the circumstances, such a partial failure of consideration did not require cancellation.
Our conclusion is not wholly in accordance with either party's contention or the trial court's holding. The covenant in this instance is clearly an unreasonable restraint which inhibits the free alienation of this property. Both the grantor and the grantee believed, however, that the covenant was valid at the time of the conveyance. The grantee accepted the property with the understanding that the covenant was part of the consideration and subsequently, at the time the improvements were made on the property, had the grantors subordinate their right to the necessary mortgages. Further, it is unrefuted that the covenant was the primary part of the consideration for the conveyance of this property. The stipulated facts clearly reflect that the original grantor desired to give the land to the grantee as a homestead for as long as the grantee and his heirs wanted to keep or use the property, but the grantor did not want the grantee to sell the property.
We disagree with the conclusions reached by the United States District Court that the unreasonable restraint contained in the repurchase covenant was a unilateral mistake of law by the grantor. From the stipulated facts it is our conclusion that this was a mutual, not a unilateral, mistake.
If the action to eliminate the void restraint results in a rescission or cancellation, we agree such a judgment would have the same effect as enforcing the repurchase option; the commencement of the suit to remove the restraint would actually accelerate the effect of the repurchase option. This certainly was not the grantees' desired purpose in the action. Such a result could have a chilling effect on future grantees seeking to remove unreasonable restraints upon the use of their land.
On the other hand, voiding the restraint and denying rescission or any other equitable relief to the grantor's successors effectively frustrates the clear intent of the original grantor and destroys what he considered the primary consideration for this land. It is obvious from the stipulated facts that this transaction would not have occurred but for the void restraint. In our view, the circumstances of this cause make it impossible to return the parties to this transaction to status quo.
Although under the circumstances we find equity does not require rescission or cancellation, we do believe that the grantor's successors are entitled to equitable relief. When the equity powers of the court have been brought into an action, its active jurisdiction will be continued until full justice has been done between the parties. City of Miami v. Keton, 115 So.2d 547 (Fla. 1959); Schupler v. Eastern Mortg. Co., 160 Fla. 72, 33 So.2d 586 (Fla. 1948); see H. Kooman, Florida Chancery Pleading and Practice § 7 (1939). The appropriate relief should be left to the trial court, which should be allowed to consider evidence and take testimony concerning the actual consideration paid by the grantees for the subject property. Relief to be considered could include an equitable or vendor's lien on the property for its market value at the time of *618 the original conveyance, increased by present dollar inflation, but not property appreciation, payable at the time of any future conveyance. It appears that unless grantor's successors receive the present-day dollar value of the market value of the property at the time of the original conveyance, they will not, in actuality, be receiving the full equitable relief to which they are entitled. We deem it inappropriate upon a certified question to direct specific relief under the circumstances of this record and suggest remanding this cause to the trial court for the purpose of receiving such additional testimony and evidence as may be necessary to provide suitable equitable relief.
In summary, the first question is answered by our finding that the repurchase option is an unreasonable restraint; the remaining questions are answered by our finding that no rescission or cancellation is required but other equitable relief is appropriate.
It is so ordered.
ENGLAND, C.J., and ADKINS, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
BOYD, Justice, concurring in part and dissenting in part.
I concur with that portion of the majority opinion that holds the covenant in question to be an unreasonable restraint on alienation of real property. I dissent from that portion which finds that the successors of the grantor may be entitled to equitable relief from the effect of the invalid restraint dictated by the grantor. I would advise the Circuit Court of Appeals that the decision and opinion of the United States District Judge Clyde Atkins were correct in all respects.
NOTES
[1] § 25.031, Fla. Stat. (1975); Fla.R.App.P. 9.510.
[2] Under Florida law, is a repurchase option, set forth as a covenant running with the land in a deed, void as being in violation of the rule against unreasonable restraints on alienation or the rule against perpetuities, if:
(a) no purpose for the repurchase option is stated in the deed;
(b) the repurchase option is of unlimited duration and provides that prior to any sale of the property by the grantee, his heirs, or assigns, the grantee must first offer the property to the grantors for a period of 60 days at a price to be determined as set forth in the covenant;
(c) the option price as set forth in the covenant is the amount paid by the grantee to the grantor for the property, plus the cost of all permanent improvements placed on the property by the grantee?
2. If the subject covenant is void and unenforceable under Florida law, and if the covenant is stated in the deed to be a part of the consideration for the deed, and if the grantee has been in possession under the deed for more than 15 years paying all taxes on the subject property and having constructed substantial permanent improvements including a home thereon, under Florida law, will a court of equity upon determining that the subject covenant is void and unenforceable, rescind the deed and restore the parties to the status quo existing prior to execution and delivery of the deed even though the effect of such rescission would be to enforce the terms of the void covenant?
3. If the answer to the foregoing question is in the negative and if the deed itself recites that the invalid covenant is only a part of the consideration for the conveyance, under the Florida law, may parol evidence be received in an attempt to prove that the invalid covenant was an "essential part" of the consideration for the deed, absent which the deed would not have been executed, for the purpose of defeating the operation and effect of the deed?
(a) Under the circumstances set forth above, under Florida law, does the parol evidence rule preclude inquiry into the nature of the recited consideration where the purpose and effect of the parole testimony would be to defeat the operation and effect of the deed?
4. If such evidence is admissible and, if the repurchase option was only a part of the consideration for the execution and delivery of the deed and if the repurchase option was so essential a part of the entire consideration that the parties would not have made and executed the deed if they had known of the option's invalidity, then under Florida law and the foregoing circumstances, would the transaction be rescinded even though the effect of such rescission would be to enforce the terms of the void covenant? [Footnotes omitted.]
[3] § 689.22(3)(a)(7), Fla. Stat. (1977):

(3) APPLICATION OF RULE. 
(a) The rule against perpetuities does not apply to:
.....
7. Options to purchase in gross or in a lease or preemptive rights in the nature of a right of first refusal, but no option in gross is valid for more than 40 years from the date of its creation.
[4] For discussion of the improvement theory, see Note, Options and the Rule Against Perpetuities, 13 U.Fla.L.Rev. 214 (1960).