QUINCE, Judge.
This is an appeal from a final summary judgment holding an option invalid because it was an unreasonable restraint on alienation. Because a material issue of fact exists with respect to the ability of the optionor to control when the option must be exercised, we reverse.
The Eagle Creek Project consists of a golf course, residential real estate, and other real property. Appellant, Developers Management Associates, Inc. (DMCo), is a corporation formed to manage Eagle Creek. Appel-lee, Eagle Creek Holdings, is a corporation formed by a group of investors, organized and headed by HansPeter Schwager, which acquired the Eagle Creek property. The remaining appellees are corporations which were formed for the purpose of facilitating the purchase, development, and operation of the Eagle Creek Project.
Schwager, individually and on behalf of the appellee corporations, entered into a management agreement with DMCo. Among other things, the agreement gave DMCo a joint option to purchase the Eagle Creek residual assets after a five year waiting period. These assets included the country club and golf course, the sewage treatment plant, *92 and the management and maintenance company. DMCo’s option rights were owned jointly with Schwager, who is a director and chairman of the appellee corporations/option-ors. Either DMCo or Schwager could exercise the option alone, and the other optionee had to participate or lose any interest in the residual assets.
DMCo sought to exercise its option rights under the agreement, but appellees refused to recognize the option. After DMCo brought suit, appellees moved for summary. judgment asserting, among other things, that the option was invalid because it was for a fixed price and indefinite term. DMCo responded with a memorandum in opposition, including affidavits, and asked the court to consider certain depositions, admissions, and interrogatories. The trial court granted summary judgment, ruling that the option was for a fixed price and indefinite term, that the contract’s language was not ambiguous, and that DMCo’s submissions constituted parol evidence.
It is generally accepted that an option at a fixed price with an unlimited time to exercise the option is an unreasonable restraint on alienation. Iglehart v. Phillips, 383 So.2d 610 (Fla.1980). Fixed price options have been approved in certain circumstances, however, where they were of limited duration. Id. at 615. In Iglehart, the central issue pertained to whether the price of the option was fixed. By contrast, we reverse the summary judgment in this case because there exists a factual issue regarding this option’s duration.
Here, Schwager was a co-optionee with DMCo. Schwager was also a director and chairman of the appellee corporations. This raises a factual question whether the optionors could enforce the option at any time through Schwager. If so, the option “is not subject to the infirmity of indefinite duration,” because the optionors “could at any time limit the duration” of DMCo’s rights, by having Schwager exercise his option. See O’Berry v. Gray, 510 So.2d 1135, 1138 (Fla. 5th DCA), rev. denied, 518 So.2d 1275 (Fla.1987). Once Schwager exercises his option rights, DMCo would be forced to join in or lose its option rights.
Moreover, the affidavits, depositions, and other evidence excluded below were admissible on the issue of whether Schwager’s status within the appellee corporations effectively gave the optionor/corporations the power to control the time at which the option had to be exercised. There is no parol evidence problem when the evidence is offered on this issue.
Due to our ruling on this basis, it is unnecessary to address the other points raised by DMCo, including whether the evidence was admissible due to a latent ambiguity in the contract. Suffice it to say, however, that the terms of this agreement do not appear to be so clear as to be susceptible of only one interpretation, such that the parol evidence rule would bar the consideration of this evidence. See Forest Hills Utilities, Inc. v. Pasco County, 536 So.2d 1117 (Fla. 2d DCA 1988); Griffin v. Federal Deposit Ins. Corp., 532 So.2d 1358 (Fla. 2d DCA 1988); Elmore v. Enterprise Developers, Inc., 418 So.2d 1078 (Fla. 4th DCA 1982). We reverse and remand for further proceedings not inconsistent herewith.
DANAHY, A.C.J., and BLUE, J., concur.