696 So.2d 833 (1997)
FALLSCHASE DEVELOPMENT CORPORATION and L. Blair Bailey, Appellants,
v.
William B. BLAKEY, Appellee.
No. 95-4052.
District Court of Appeal of Florida, First District.
March 20, 1997.
Rehearing Denied July 11, 1997.
Robert Augustus Harper and Steven Brian Whittington of Robert Augustus Harper Law Firm, P.A., Tallahassee, for Appellants.
George E. Lewis, II, Tallahassee, for Appellee.
JOANOS, Judge.
Appellants seek review of a final judgment on the pleadings, in which the trial court determined that a "right of first refusal" clause in a contract for sale of real property was void under the common law rule against perpetuities. The questions presented are: (1) whether the right of first refusal to acquire commercial property violates the common law rule against perpetuities, and (2) whether the "right of first refusal" should be reformed in accordance with section 689.225(6)(c), Florida Statutes (1995). We affirm the trial court's ruling, but certify the reformation issue as a question of great public importance.
Appellee, William B. Blakey, the plaintiff in an action for declaratory judgment, sought a ruling that a right of first refusal in a 1975 agreement for sale of real property was void *834 ab initio, because it violated the common law rule against perpetuities. The parties to the 1975 agreement were Mrs. Sally Weems, owner/seller, and Elba, Inc., buyer.[1] Appellee became the owner of the real property here at issue upon the death of his aunt, Mrs. Weems. In June 1983, Elba, Inc. was merged into Fallschase Development Corporation, which succeeded to all rights of Elba under the agreement. In 1995, appellee/plaintiff sought a judgment holding the right of first refusal contained in the agreement violates the rule against perpetuities and is therefore null and void, together with cancellation of the right of first refusal in the public records of Leon County.
Appellants, defendants in the lower tribunal, answered the complaint and raised affirmative defenses. Among other things, appellants alleged that if infirmities exist with respect to the right of first refusal, the infirmities were purged by Chapter 689 of the Florida Statutes. Appellants maintained the trial court
should interpret Chapter 689 so as to modify the right of first refusal which is the subject matter of this litigation so as to cause it to be enforceable. A reasonable modification of the right of first refusal is appropriate in this case, especially in view of the fact that Defendants' predecessors in interest have paid more than Seven Hundred Thousand [$700,000.00] Dollars to Plaintiff's predecessor in interest in connection with the right of first refusal.
Appellee filed a response to appellants' affirmative defenses, alleging in part:
18. Should the court decide to apply the curative provision of Section 689.225(6)(c), the Plaintiff would reply that the intention of the parties was that the right of first refusal should expire upon the death of Sally Weems, the original grantor of the right, who died on December 28, 1983....
Thereafter, appellee filed a motion for judgment on the pleadings, alleging as grounds therefor that:
7. Defendants FALLSCHASE and BAILEY have admitted the execution of the document incorporating the Right of First Refusal....
8. None of the facts denied by any of the Defendants is material to the issue of whether the Right of First Refusal as contained in the Agreement violates the Rule Against Perpetuities.
9. None of the affirmative defenses of Defendants FALLSCHASE and BAILEY is legally sufficient to bar the application of the Rule Against Perpetuities.
10. The statutory modifications to the Rule Against Perpetuities contained in § 689.225, Florida Statutes (1993), do not apply in this case since the Agreement predated the effective date of that statute.
Appellants, defendants in the lower court action, filed a motion to amend their answer and to permit filing of a counterclaim. The proposed counterclaim sought specific performance and a declaration of the defendants' rights in the subject real property.
The trial court denied appellants' request for leave to amend, concluding that as a matter of law, none of the affirmative defenses raised or proposed are meritorious. The court then ruled that section 689.22, Florida Statutes (1977), was not applicable to the agreement, because the contract was executed in 1975, prior to the January 1, 1979, effective date of the statute. The trial court concluded that the common law rule against perpetuities applied to the right of first refusal in the 1975 contract between Mrs. Weems and Elba, Inc. The court further found that the contract evidenced an intent to create a right of first refusal which runs with ownership of the land rather than a right to be exercised within the lifetime of either of the original parties to the contract, and, as such, the right is void because it violates the common law rule against perpetuities. We agree.
The purpose of the rule against perpetuities and the related rule against unreasonable restraints on alienation of property *835 "is to ensure that property is reasonably available for development by prohibiting restraints that remove property from a beneficial use for an extended period of time." Iglehart v. Phillips, 383 So.2d 610, 613 (Fla. 1980). The oft-quoted rule against perpetuities is generally stated thusly: "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." Iglehart, 383 So.2d at 614, citing J. Gray, The Rule Against Perpetuities § 201 (4th ed. 1942).
The rule invalidates interests which vest too remotely; it is a rule of property law, not a rule of construction. Iglehart, 383 So.2d at 614. There is some authority for the proposition that the rule against perpetuities should not be applied to a right of first refusal, however, the stronger view is "that the agreement for the right of first refusal must not violate the rule against perpetuities." Watergate Corp. v. Reagan, 321 So.2d 133, 136 (Fla. 4th DCA 1975).
A right of first refusal is akin to an option to purchase. Points v. Barnes, 301 So.2d 102, 104 (Fla. 4th DCA 1974), cert. denied, 312 So.2d 751 (Fla.1975). When an agreement provides a right of first refusal to a named individual, the right is personal to that individual, who is the measuring life in being. Since the equitable interest would vest, if at all, within that individual's lifetime, the rule against perpetuities does not apply. Id.
In the instant case, paragraphs four and six of the 1975 agreement for sale of real property between the seller and buyer state:
4. Should the Seller later determine to sell all of the property retained by her as above-described, then the Buyer shall have first right of refusal to purchase said property.
....
6. This agreement shall be binding upon the parties hereto, their heirs, successors and assigns.
Standing alone, paragraph four of the agreement could be construed as creating a personal right, not subject to the rule against perpetuities. This is because the right could be exercised only upon the seller's decision to sell all of the retained property, a decision necessarily made during the seller's lifetime, i.e., a life in being. Assuming this scenario, the right terminated when Mrs. Weems died without deciding to sell the retained property.
On the other hand, paragraph six of the agreement states that the provisions of the agreement, including the first refusal right, "shall be binding upon the parties, their heirs, successors, and assigns." Since paragraph six purportedly creates an unlimited duration for exercise of the right of first refusal, the first refusal right violates the common law rule against perpetuities.
The second issue concerns application of section 689.22, which codified the rule against perpetuities. The effective date of the statute was January 1, 1979. See Ch. 77-23, § 2, Laws of Fla. The statute expressly exempts executory interests, such as a right of first refusal, from application of the rule.[2] In 1988, section 689.22 was repealed, to be replaced by section 689.225, the "Florida Uniform Statutory Rule Against Perpetuities." See Ch. 88-40, § 1, Laws of Fla. Subsection six of the statute now in effect includes a savings provision, which states:
(c) If a nonvested property interest or a power of appointment was created before October 1, 1988, and is determined in a judicial proceeding commenced on or after October 1, 1988, to violate this state's rule against perpetuities as that rule existed before October 1, 1988, a court, upon the petition of an interested person, may reform the disposition in the manner that most closely approximates the transferor's manifested plan of distribution and is within the limits of the rule against perpetuities applicable when the nonvested property *836 interest or power of appointment was created.
This provision evinces the intent of the Legislature to authorize a trial court to reform a nonvested property interest created before October 1, 1988, when that court has determined that the interest was in violation of the pre-October 1, 1988, rule against perpetuities.
A procedural or remedial statute operates retrospectively; a substantive statute will not have retrospective operation absent a clear expression of legislative intent that it do so. State Farm Mutual Auto. Ins. Co. v. Laforet, 658 So.2d 55, 61 (Fla.1995); Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1357 (Fla.1994). That is, statutes relating to remedies or procedure operate retrospectively "in the sense that all pending proceedings, including matters on appeal, are determined under the law in effect at the time of decision rather than in effect when the cause of action arose or some earlier time." Fogg v. Southeast Bank, N.A., 473 So.2d 1352, 1353 (Fla. 4th DCA 1985). See also Rothermel v. Fla. Parole & Probation Com'n., 441 So.2d 663, 664 (Fla. 1st DCA 1983). However, "[e]ven when the Legislature does expressly state that a statute is to have retroactive application, this Court has refused to apply a statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties." State Farm v. Laforet, 658 So.2d at 61. "[S]ubstantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights." Alamo Rent-A-Car, 632 So.2d at 1358.
Our research has failed to disclose an opinion from a Florida appellate court construing the retrospective application of the reformation provision of the statutory rule against perpetuities. Appellate courts of other states are divided on the question. For example, in Juliano & Sons Enterprises, Inc. v. Chevron, U.S.A., Inc., 250 N.J.Super. 148, 593 A.2d 814, 815 (N.J.Super.A.D.1991), the question before the Superior Court of New Jersey was whether the common law rule against perpetuities applies to nondonative commercial transfers for consideration executed before the effective date of the Act. The court held that the New Jersey Uniform Statutory Rule Against Perpetuities abolished the common law and embodied that state's entire law on the rule.[3] While recognizing that the statute is not retroactive, the court reasoned that "when the Legislature abrogates the common-law and establishes policy inconsistent with the prior case law precedent for which there was no governing statutory policy," the court was entitled to follow the current doctrine. Id. at 818. "The purpose of the principle is to effectuate the current policy declared by the legislative bodya policy which presumably is in the public interest." Kruvant v. Mayor & Council of Cedar Grove Tp., 82 N.J. 435, 440, 414 A.2d 9 (1980); Juliano & Sons v. Chevron, 593 A.2d at 819.
The New Jersey court found it unnecessary to apply the reformation provision of the uniform statute to the commercial transaction there at issue, because it found "no justification to apply the common law to this transfer which would no longer be subject to the rule had it occurred after the statute's effective date." Id. at 818. The court held that, with the exception of a property owner who relies upon existing law at the time of conveyance or takes other action relating to his property in reliance upon existing law, the court would apply the statute in effect at the time of its decision. Based upon its analysis of the codified rule, the New Jersey court held that "the nondonative commercial transaction for consideration executed before the Act's effective date in this case is no longer subject to the common-law rule against perpetuities." Id. at 815.
Courts in Virginia and Maryland have reached a different result. In Lake of the Woods Association, Inc. v. McHugh, 238 Va. 1, 380 S.E.2d 872 (Va.1989), the court agreed with, and adopted, the principle established by the Maryland Court of Appeals in Ferrero Construction v. Dennis Rourke Corp., 311 Md. 560, 536 A.2d 1137 (Md.1988), to hold that the rule against perpetuities should be *837 applied to rights of first refusal. The Maryland court stated:
The vast majority of courts and commentators have held that rights of first refusal, which are more commonly known as `preemptive rights,' are interests in property and not merely contract rights. This is so because, if the property owner attempts to sell to someone other than the owner of the right of first refusal (`the preemptioner'), the latter may have a court of equity enter a decree of specific performance ordering that the property be conveyed to him. Thus, the preemptioner acquires an equitable interest, which will vest only when the property owner decides to sell.
Ferrero Constr., 311 Md. at 565, 536 A.2d at 1139. See also Lake of the Woods Assoc., 380 S.E.2d at 874. The Virginia court refused to apply Code § 55-13.3, Virginia's codification of the rule against perpetuities, to save the right of first refusal acquired in 1975, well before the 1982 effective date of the Virginia Code provision. The court held that the first refusal restriction created in 1967 and acquired by the lot owners in 1975, was void ab initio, thus the buyers acquired their lot "free from the impediment of the preemptive right." 380 S.E.2d at 875-876. In this vein, the court rejected a request to treat the first refusal provision as a procedural right which could be saved by application of the "wait and see" doctrine. See Henderson v. Millis, 373 N.W.2d 497 (Iowa 1985); In re Frank, 480 Pa. 116, 389 A.2d 536 (Pa.1978). Rather, the court viewed the buyers' freedom to dispose of the lot as a vested property right.
We agree with the reasoning expressed by the Virginia and Maryland courts, and affirm the trial court's finding that the first refusal right here at issue was void ab initio because it violates the common-law rule against perpetuities. The invalidity of the first refusal right obviated application of the reformation provisions of section 689.225(6)(c). Therefore, appellee, as Mrs. Weems' successor in interest, possessed a vested right to dispose of the property to whomever he chose, without the impediment of the first refusal right.
Because section 689.225(6)(c) changes existing law, and was intended to operate retroactively, we consider the reformation question posed in this case to be a matter of great public importance. Therefore, we certify the following question to the Florida Supreme Court pursuant to Article V, section 3(b)(4), of the Florida Constitution:
Whether section 689.225(6)(c), Florida Statutes, is a remedial provision which may be applied retrospectively to reform a first refusal right to purchase real property, so as to bring exercise of the right within the limits of the common law rule against perpetuities.
Accordingly, we affirm the final judgment on the pleadings. We certify as a question of great public importance the issue concerning retrospective application of section 689.225(6)(c).
VAN NORTWICK, J., concurs.
WOLF, J., concurs and dissents with opinion.
WOLF, Judge, concurring in part and dissenting in part.
I concur with the majority's decision to certify a question of great public importance, but dissent from that portion of the opinion which declines to apply the provisions of section 689.225(6)(c), Florida Statutes (1989) to the present transaction.
As recognized by the majority, the statute itself provides that it is applicable to property interests created before October 1, 1988, and provides that the court may "reform the disposition in the manner that most closely approximates the transferor's manifested plan of distribution and is within the limits of the rule against perpetuities ..." as the rule existed at the time the disposition took place. § 689.225(6)(c), Fla. Stat. (1989). It is unclear to me how a grantor or his successor may complain about a statute that attempts to effectuate the grantor's expressed written intent.[4]
*838 In determining the retroactivity of a statute, however, the majority correctly states the rule of law that "[e]ven when the legislature does expressly state that a statute is to have retroactive application, this Court has refused to apply a statute retroactively if the statute impairs vested rights, creates new obligations or imposes new penalties." State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 61 (Fla.1995) (citations omitted). Absent one of these restrictions, however, the court should attempt to effectuate the legislative intent at issue in this case.
The statute does not impose any penalties, nor does it create any obligations which were not undertaken voluntarily by the transferor as part of a written agreement. I am also unaware of a vested right to have a court strike down an obligation voluntarily undertaken as part of an enforceable written legal agreement.
I would, therefore, effectuate the clearly expressed legislative intent and apply section 689.225(6)(c), Florida Statutes, in this case.
NOTES
[1] The right of first refusal pertained to property retained by Mrs. Weems adjoining the larger tract transferred under the agreement.
[2] Section 689.22(3)(a)7., Florida Statutes (1979), states:

(3) APPLICATION OF RULE.
(a) The rule against perpetuities does not apply to:
....
7. Options to purchase in gross or in a lease or preemptive rights in the nature of a right of first refusal, ...
[3] The New Jersey Act, like the Florida Act, exempts nondonative commercial transactions from the operation of the rule against perpetuities.
[4] If a grantor specifically attempted to perpetrate a fraud by effectuating a transfer knowingly in violation of the rule against perpetuities, the grantor also should not have the legal right to challenge the applicability of § 689.225(c), Fla. Stat.