907 So.2d 684 (2005)
SANDPIPER DEVELOPMENT AND CONSTRUCTION, INC., a Florida corporation, Appellant,
v.
ROSEMARY BEACH LAND COMPANY, Appellee.
No. 1D04-5211.
District Court of Appeal of Florida, First District.
July 29, 2005.
*685 Mark D. Dreyer, Panama City, Attorney for Appellant.
Matthew J. Meyer, DLA Piper Rudnick Gray Cary U.S. LLP, Tampa, Attorney for Appellee.
THOMAS, J.
Appellant Sandpiper Development and Construction, Inc. ("Sandpiper"), appeals a final summary judgment enforcing a fixed price repurchase option of limited duration in a land sale contract. The trial court found that the option was not an unreasonable restraint on the alienation of property. We affirm.
Sandpiper entered into a contract to purchase certain real property for $95,000 from Appellee Rosemary Beach Land Company ("Rosemary Beach"). The contract required the owner to commence construction of a dwelling on the lot within three years from the date of the closing and to complete construction of all required improvements within six years from the date of the closing. The contract also provided that if the owner failed to comply with the above provision, Rosemary Beach could repurchase the lot for the original purchase price plus the direct cost of any improvements constructed on the lot.
Rosemary Beach filed a complaint for equitable relief, seeking specific performance of the contract to require Sandpiper to transfer the lot to Rosemary Beach. Sandpiper asserted that the provisions violated the rule against unreasonable restraints on the alienation of property. Both parties filed motions for summary judgment. The trial court entered summary judgment in favor of Rosemary Beach based on the supreme court's decision in Iglehart v. Phillips, 383 So.2d 610, 614 (Fla.1980).
The trial court's decision to grant summary judgment is reviewed de novo. Menendez v. The Palms West Condominium Ass'n, 736 So.2d 58, 60-61 (Fla. 1st DCA 1999). The trial court properly determined that there were no factual disputes to decide in this case. Additionally, neither party challenges the facts of the case on appeal. The only question this court must decide is whether the fixed price repurchase option of limited duration in the contract at issue is an unreasonable restraint on the free alienation of property.
In general, restrictions and encumbrances on the alienation of property are disfavored, subject to certain exceptions recognized by the courts. "When determining the validity of restraints on alienation, courts must measure such restraints in terms of their duration, type of alienation precluded, or the size of the class precluded from taking." Camino Gardens Ass'n v. McKim, 612 So.2d 636, 639 (Fla. 4th DCA 1993).
In Iglehart v. Phillips, 383 So.2d 610, 614 (Fla.1980), the supreme court held that the rule against unreasonable restraints on the use of property "concerns restraints of such duration that they prevent the free alienation of property." The supreme court recognized that an option restraint is generally accepted as reasonable if the option price is at market or appraised value regardless of the duration of the option. Id. Additionally, it is generally accepted that a fixed price repurchase option of unlimited duration is an unreasonable restraint because it discourages any improvements of the land by the existing property owner. Id. at 615. The option at issue in Iglehart was "(1) a right of first refusal for an unlimited period and (2) for a fixed purchase price, established as the *686 price paid for the land plus the cost of the improvements." Id. at 616. The supreme court concluded that the option was invalid because it was no different than a fixed price option of unlimited duration. Id.
The provision here can be fairly interpreted to encourage improvements, if the buyer can comply. But the question occurs, as here, what is the short and long-term effect of noncompliance? Sandpiper asserts that the covenant discourages investments because once a buyer decides it is impossible to commence timely construction, it is useless to make improvements. In other words, the buyer will only recoup direct costs of the improvements and will not "throw good money after bad."
Sandpiper no doubt would have greatly profited had it simply commenced and finished construction within six years. We can safely assume that the parties took this restriction into account when negotiating the purchase price of the lot. The fact that the value of the lot has dramatically increased is not per se evidence of any unconscionable practice or result. See, e.g., O'Berry v. Gray, 510 So.2d 1135, 1138 (Fla. 5th DCA 1987). We further reject Sandpiper's arguments that the provision here could be considered of unlimited duration because the owner is required to notify Rosemary Beach to trigger the 30-day period in which to invoke the repurchase agreement.
Despite these factors, Sandpiper argues that this provision unreasonably restrained its ability to alienate the property. Sandpiper argues that Rosemary Beach prevented Sandpiper from selling the property to ensure that Rosemary Beach obtained the property through the repurchase provision. This restraint on alienation prevented Sandpiper and prospective buyers from increasing the property's value and did not serve to encourage property improvements.
Although the contract here provides for a fixed price option of limited duration, this fact alone does not necessarily compel a finding that the restriction is reasonable. In Iglehart, the supreme court addressed a fixed price restriction of unlimited duration, but it did not hold that a limited fixed price buy back would always be valid when challenged as an unreasonable restraint on property alienation. The Iglehart majority noted that:
Independent fixed price options have been approved in certain circumstances, but only where they were of limited duration. We approved as reasonable a fixed price option which was of limited duration in MacArthur v. North Palm Beach Utilities, Inc., 202 So.2d 181 (Fla. 1967). The option we approved granted to the mortgagee a right to repurchase the property, but only during the life of the mortgage. In Warren v. City of Leesburg, 203 So.2d 522 (Fla. 2d DCA 1967), a ninety-nine-year fixed-term option was approved by the Second District Court of Appeal. It should be noted that the issue of an unreasonable restraint was not fully considered by the trial court because it was not raised until a petition for rehearing was filed. We are concerned about the reasonableness of such a long-term fixed-price option, but we need not confront that question in the context of this case.

383 So.2d at 615 (emphasis added).
While here the option is of a short duration, the provision eliminates Sandpiper's ability to alienate the property for a fair market price for up to six years. The option here completely restrains the buyer from alienating the property. Following its failure to commence construction, Sandpiper received ever increasing offers to purchase the lot, including an offer of $550,000. Sandpiper attempted to convince Rosemary Beach to match the offers, *687 to no avail. Rosemary Beach insisted on its repurchase rights. Thus, the repurchase option restrained the alienation of the property to anyone other than Rosemary Beach Land Company.
As Sandpiper vigorously argues, the option assured that as time elapsed, Sandpiper had little reason to improve the property should it determine it could not legitimately commence or complete construction within the required time limit. Once Sandpiper realized it could not comply with the time constraints in the covenant, Sandpiper could only recover its original purchase price and the direct costs of any improvements, without appreciation. Under these circumstances, Sandpiper simply had no incentive to improve the property. The real and potential impact of the covenant discourages improvements and prevents alienation, as occurred here.
On balance, we do not find that the repurchase option here is an unreasonable restraint on the alienation of property, as defined in Iglehart. The court in Iglehart did not disavow the legitimacy of fixed price options. The purpose of the option here is legitimate, the duration is of a reasonably short period, and the price alone does not invalidate the overarching legitimate rationale to control the pace of development of the community. We therefore affirm the trial court's entry of summary judgment in favor of Rosemary Beach.
AFFIRMED.
WEBSTER and DAVIS, JJ., concur.