946 So.2d 1125 (2006)
Laverne PEAVEY, Appellant,
v.
Rodney REYNOLDS and Daily Business Forms, Etc, Appellees.
No. 5D05-3640.
District Court of Appeal of Florida, Fifth District.
December 15, 2006.
Rehearing Denied January 24, 2007.
*1126 Charles L. Handlin, III, of Handlin & Hefferan, P.A., Orlando, for Appellant.
William N. Asma, of William N. Asma, P.A., Winter Garden, for Appellee.
EVANDER, J.
The issue in this case is whether a lease agreement between Laverne Peavey (the landlord) and Daily Business Forms & Supplies, Inc., (the tenant) is void as an unreasonable restraint on the alienation of property.
The parties entered into a lease agreement which, inter alia, provided:
Lease to be for a period of two years beginning October 24, 2001. Tenant has option to renew for additional subsequent two year periods upon notification to landlord of tenant's desire to continue lease within 90 days of lease anniversary. If for any reason tenant terminates lease prior to anniversary date, tenant agrees to continue making monthly rental payments to landlord until such a time that the landlord rents the property, or the anniversary of the lease, whichever comes first. Tenant has the first option to purchase property if landlord determines that property is to be sold. If property is sold to any one other than tenant, lease is binding and transferable to new landlord. If tenant determines not to renew lease, tenant will notify landlord 90 days prior to lease renewal. The monthly rental amount for the first two-year period will be $650.00 per month. Upon lease extension being executed by tenant for an additional two-year period, rent will increase to $700.00 per month. Upon completion of first two year extension, and upon notification by tenant to landlord, lease agreement will automatically renew for subsequent two-year periods there after, with rental amount increasing by $50.00 per month, per anniversary, for as long as tenant desires. (emphasis added)
In July, 2003, the landlord filed a declaratory judgment action seeking a determination that the lease was void. Both parties eventually filed cross motions for summary judgment. The trial court found the lease was valid and entered a final judgment in favor of the tenant. We reverse.
The rule against unreasonable restraints on alienation is founded entirely upon considerations of public policy, specifically, the idea that the free alienability of property fosters economic and commercial development. Seagate Condominium Assoc., Inc. v. Duffy, 330 So.2d 484, 485 (Fla. 4th DCA 1976). The test to be utilized with respect to restraints on alienation is the test of reasonableness. Iglehart v. Phillips, 383 So.2d 610, 614 (Fla.1980). The validity or invalidity of a restraint depends upon its long-term effect on the improvement and marketability of the property. Id.
*1127 In Iglehart, the defendants sold certain real property to the plaintiff's predecessor in interest. The deed purported to grant the defendants the right to repurchase the property if the plaintiff ever desired to sell it. The option price was fixed by terms set forth in the repurchase option. The repurchase option was of unlimited duration.
The court found that such restriction would discourage the owner from making any improvements to the property. The court further noted, as long as there was an inflationary market, it was unlikely the owner would ever sell the property. The court concluded the repurchase option was void as an unreasonable restraint on alienation.
In this case, the lease grants the tenant the right to renew the lease indefinitely at a rental rate fixed by the terms of the lease. The lease also provides that any subsequent landlord would be bound by the terms of the lease. If upheld, the lease would have the potential to forever prevent the landlord (and her successors) from being able to utilize the property for any purpose other than renting the property to the corporate tenant at a predetermined rate. The landlord would, however, remain obligated to pay the property taxes and the expense of properly maintaining the exterior of the property's structure regardless of the cost.
As in Iglehart, the landlord has little incentive to make improvements on her property. Furthermore, it is highly questionable whether the landlord would be able to sell the property to a third person. Few people would be willing to purchase a property which they might never have the right to use other than to rent it at a predetermined rate. Accordingly, we find the lease to be void as an unreasonable restraint on alienation.[1]
We recognize the tenant may have made improvements to the property based on its belief that it had the right to renew its lease indefinitely. Therefore, on remand, the trial court may use its equitable powers to ensure "full justice [is] done between the parties." Iglehart, 383 So.2d at 617. See also Hutchinson v. Kimzay of Florida, Inc., 637 So.2d 942, 945 (Fla. 5th DCA 1994). Specifically, it would appear that if the tenant is required to vacate the property, it should be compensated for the value of any improvements it made to the leased property based on its expectation of remaining on the premises for a lengthy period of time.
REVERSED and REMANDED.
ORFINGER and LAWSON, JJ., concur.
NOTES
[1] Although we are unaware of any Florida cases directly addressing this issue, the Delaware Supreme Court has similarly found a lease provision giving the lessee an option to renew the lease perpetually, at a fixed rental rate, to be void. Wilmington Parking Authority v. Ranken, 105 A.2d 614, 634 (Del.1954).