DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VISTA GOLF, LLC,**
Appellant,

v.

**VISTA ROYALE PROPERTY OWNERS ASSOCIATION, INC., VISTA ROYALE ASSOCIATION, INC., VISTA VILLAS HOMEOWNERS ASSOCIATION, INC., VISTA GARDENS ASSOCIATION, INC., THE GRAND ROYALE ASSOCIATION, INC.,** And All Persons, Owners, Tenants Or Occupants Governed Or Regulated By Said Associations, Appellees.

No. 4D13-3232

[ May 13, 2015 ]

Appeal and cross-appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312008CA012834.

Louis B. Vocelle, Jr. of Vocelle & Berg, LLP, Vero Beach, for appellant.

David B. Earle of Ross Earle & Bonan, P.A., Stuart, and Ramy P. Elmasri and Edwin Cruz of Vernis & Bowling of Miami, P.A., Miami, for Appellee/Cross-Appellant-Vista Royale Association, Inc., and Jason B. Trauth of Lydecker/Diaz, Miami, for Appellee/Cross-Appellant-The Grand Royale Association, Inc.

PER CURIAM.

Vista Golf, LLC appeals a final judgment entered after trial in its action for declaratory and injunctive relief to nullify or limit protective covenants applicable to a golf course. Vista Golf argues that the trial court properly invalidated two covenants (an Operation Covenant and a Unity of Title Covenant), but improperly rewrote the Operation Covenant and added a restriction that the property could be used only as a golf course. On cross-appeal, the appellees/cross-appellants, Vista Royale and Grand Royale, argue that the trial court incorrectly invalidated the Unity of Title Covenant. We affirm the final judgment in its entirety.

In 1989, the original developer sold the property to a third party. In

connection with the 1989 sale, protective covenants were placed on the property "for the purpose of enhancing and protecting the value, desirability and attractiveness of the condominium communities . . . ." Vista Golf later acquired title to the property subject to the covenants.

The covenants required the property to be operated as a golf course and required the entire golf course to be held, sold, or leased only as a single parcel:

> 1. <u>Operation of Golf Course</u>.  The land . . . shall be continuously operated as a twenty-seven (27) hole golf course similar to its operation as of the date hereof.  This operation shall continue until such time as the condominium ownership of all lands constituting the condominium communities known as VISTA ROYALE and VISTA ROYALE GARDENS . . . is terminated.

> 2. <u>Unity of Title</u>.  The land shall, for the period of time set forth in Paragraph 1, hereof, be held, sold, conveyed, leased, mortgaged and otherwise dealt with only as a single parcel; and no portion thereof shall, during such period of time, be separately held, sold, conveyed, leased, mortgaged or otherwise dealt with.

In the main appeal, we find that the underlying premise of Vista Golf's argument is flawed.  Here, the trial court did not invalidate the Operation Covenant in its entirety, but instead invalidated it only insofar as it imposed an *affirmative duty* on Vista Golf to operate a golf course business on the property.  In other words, the trial court essentially interpreted the Operation Covenant as a restrictive covenant on the use of the property, rather than an affirmative covenant to operate a golf course business.  The trial court did not "rewrite" the Operation Covenant, but instead gave it the narrowest possible construction consistent with its purpose.

Once the trial court concluded that Vista Golf could not be affirmatively compelled to operate a golf course business on the property,[1] the only reasonable interpretation of the Operation Covenant was that it was a restrictive covenant that prohibited the property from being used or operated as anything other than a twenty-seven-hole golf course similar to its operation at the time the covenant was executed.  *Cf. BKD Twenty-One*

---

[1] This legal conclusion has not been challenged by any party in this appeal and is not before this court.  We do not express any opinion on the validity of this conclusion.

*Mgmt. Co. v. Delsordo*, 127 So. 3d 527, 530 (Fla. 4th DCA 2012) ("[W]here one interpretation of a contract would be absurd and another would be consistent with reason and probability, the contract should be interpreted in the rational manner.").

As for the cross-appeal, we affirm the trial court's ultimate legal conclusion that the Unity of Title Covenant was an unreasonable restraint on alienation under the unique facts of this case. *See Iglehart v. Phillips*, 383 So. 2d 610, 614 (Fla. 1980) ("The validity or invalidity of a restraint depends upon its long-term effect on the improvement and marketability of the property. Once that effect is determined, common sense should dictate whether it is reasonable or unreasonable.").[2]

*Affirmed.*

DAMOORGIAN, C.J., TAYLOR and KLINGENSMITH, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Although the trial court stated that it was not applying *Iglehart*, the *Iglehart* test supports the trial court's conclusion. *See Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.").